**PREVIEWS, INC., a corporation, Appellee, Cross-Appellant,**

**v.**

**CALIFORNIA UNION INSURANCE COMPANY, a corporation, Appellant, Cross-Appellee.**

Nos. 79–3224, 79–3237.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 1980.

Decided March 12, 1981.

Rehearing Denied April 17, 1981.

Stephen L. Thomas, Jones & Wilson, Los Angeles, Cal., for appellant, cross-appellee.

Peter J. Gregora, Irell & Manella, Los Angeles, Cal., for appellee, cross-appellant.

Before GOODWIN and SNEED, Circuit Judges, and MURPHY *, District Judge.

GOODWIN, Circuit Judge.

California Union Insurance Company appeals from a summary judgment order in favor of its insured, Previews, Inc. Previews cross appeals from the denial of attorneys' fees. We affirm the district court judgment as modified.

Cal Union issued a Realtor's Professional Liability Policy to Previews, indemnifying it up to $1,000,000 for liability-causing acts, errors and omissions resulting from professional services. In 1976 a class action was filed against Previews in state court (the *Dickinson* action). Dickinson alleged damages for a breach of Cal. Bus. & Prof. Code § 10146. Cal Union offered to defend Previews, but told Previews that the $5,000 deductible clause applied to every member of the class. Previews employed its own attorneys to defend the *Dickinson* action. This action for indemnity followed.

The district court made four rulings which are challenged on appeal:

1. The policy required Cal Union to provide Previews with a defense;

2. Previews had the right to reject Cal Union's defense and hire outside counsel and Cal Union was responsible for the reasonable costs of such defense;

3. The $5,000 deductible did not apply to each claim in the class action; and

4. Previews was not entitled to attorneys' fees.

This diversity case is governed by California law. The correct standard of review on summary judgment is whether any genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979).

I. *Cal Union's Duty to Defend*

The policy required Cal Union to:

"Defend in his name and behalf any suit against the insured alleging damages arising from, or connected with, professional services rendered, or which should have been rendered by the insured, or by any other person for whose acts or omissions the Named Insured is legally liable, even if such suit is groundless, false and fraudulent. . . ."

The district court found that the above quoted language required Cal Union to defend Previews in the *Dickinson* action because the *Dickinson* plaintiff sued Previews in its capacity as a real estate broker for damages resulting from wrongful acts or omissions. We agree.

 California law requires only that the complaint against the insured allege *facts* which give rise to potential liability under the policy in order to trigger the insurer's duty to defend. *Gray v. Zurich Insurance Company*, 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); *St. Paul Fire and Marine Ins. v. Sears, Roebuck*

* The Honorable Thomas F. Murphy, Senior United States District Judge for the Southern District of New York, sitting by designation.

& Co., 603 F.2d 780, 786 (9th Cir. 1979). The complaint need not allege a *cause of action* covered by the policy. *Gray, supra,* at 275, 54 Cal.Rptr. 104. Moreover, an insurer is not absolved from its duty to *defend* the lawsuit merely because it is forbidden by law or the contract to indemnify the liability-causing action. *See, e. g., St. Paul v. Wiener, supra,* 606 F.2d at 870.

■ The facts of the *Dickinson* complaint gave rise to potential liability under the policy. The complaint presented at least the possibility that Previews could be found liable for its actions.[1] Indeed, in his "New Case Make-Up" sheet, Cal Union's claims examiner described the complaint as "[Dickinson class] alleges assured acted negligently by not accounting to plaintiff." This description was repeated in one of the claims examiner's letters to Previews' attorneys. Cal Union accepted "the tender of defense" in that letter, but stated that it believed numerous deductibles were applicable.

Thus, the district court correctly concluded that Cal Union owed Previews a duty to defend because the *Dickinson* suit alleged facts which gave rise to potential liability under the policy.

## II. *Cal Union's Responsibility for Reasonable Outside Attorneys' Fees*

The district court found that Previews had a right to reject Cal Union's defense and hire outside counsel because of a conflict of interest. Again, we agree.

■ California law provides that in a conflict of interest situation, the insurer's desire to control exclusively the defense must yield to its obligation to defend the policyholder. Accordingly, the insurer's obligation to defend extends to paying the reasonable value of the legal services and costs performed by independent counsel selected by the insured. *See Executive Aviation, Inc. v. National Ins. Underwriters,* 16 Cal.App.3d 799, 810, 94 Cal.Rptr. 347 (1st Dist. 1971); *Outboard Marine Corp. v. Lib-*

*erty Mutual Ins. Co.,* 536 F.2d 730, 737 (7th Cir. 1976) (applying California law). *See also Tomerlin v. Canadian Indemnity Company,* 61 Cal.2d 638, 39 Cal.Rptr. 731, 394 P.2d 571 (1964) (where insurer lacks an economic motive for vigorous defense of the insured or where there is a conflict of interest, the insurer may not compel the insured to surrender control of the litigation).

■ This case presents a plain conflict of interest. It is against Previews' interest to have the class certified. It is in Cal. Union's best interest to have the class certified because Cal Union is claiming a $5,000 deductible for each member of the class. Moreover, Cal Union's best interests are served by a finding of willful conduct because it thus may not be deemed liable. Previews, on the other hand, could suffer greater loss by a finding of willful conduct because Previews would then be liable for punitive damages. Thus, the district court properly decided that Previews was entitled to engage outside counsel.

## III. *The Scope of the Deductible Clause*

The policy provided:

"It is agreed that in the event of a claim the deductible amount shown in the Schedule shall be deducted from the total amount resulting from each claim and the company shall be liable only for the difference between such deductible amount and the amount of insurance otherwise applicable to each claim."

Previews argues that the word "claim" refers to a claim filed by Previews with Cal Union. Thus, only one $5,000 deductible would apply to the *Dickinson* suit. Cal Union contends that the word "claim" in the first sentence of the deductible paragraph refers to a claim against Previews by a third party. Thus, Cal Union argues, there is a $5,000 deductible for *each* member of the *Dickinson* class. The district court found for Previews; it allowed only one deductible.

1. *See generally,* 7 B.E. Witkin, Summary of California Law § 69 (8th Ed. 1974), which discusses a trustee's duty to keep accurate accounts and render an accounting.

All ambiguities in a California insurance policy are resolved against the insurer. *Insurance Co. of North America v. Sam Harris Constr.*, 22 Cal.3d 409, 412–13, 149 Cal.Rptr. 292, 583 P.2d 1335 (1978). A California court has already found ambiguous the same language of the same insurance policy as that issued to Previews. *See Beaumont-Gribin-Von Dyl Mgt. Co. v. California Union Ins. Co.*, 63 Cal.App.3d 617, 134 Cal.Rptr. 25 (2d Dist. 1976). The court reasoned that "claim" must have different meanings within the paragraph because otherwise the "total amount resulting from each claim" would merely be the claim itself and no totaling would be necessary. Because the contract was thus deemed to be ambiguous, the California court adopted an interpretation favoring the insured.

We are obligated to follow the California court's interpretation of *this very same* contract. *See generally, Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If "claim" is ambiguous in this first sentence, then Previews' interpretation must prevail. The district court did not misapply California law when it ruled that only one deductible applied to the *Dickinson* class action.

Both parties agree, however, that the district court judgment did not reflect even one deductible. Accordingly, the district court judgment must be reduced by $5,000 to reflect the amount of the deductible.

IV. *Previews' Claim for Attorneys' Fees*

Previews argues that the district court erred in not awarding it attorneys' fees incurred in pursuing this declaratory judgment action. Relying on *Mustachio v. Ohio Farmers Ins. Co.*, 44 Cal.App.3d 358, 118 Cal.Rptr. 581, (2d Dist. 1975), and *McDowell v. Union Mutual Life Insurance Co.*, 404 F.Supp. 136 (C.D.Cal.1975), Previews argues that attorneys' fees flow from the breach of the covenant of good faith and fair dealing. Cal Union relies exclusively on *Twentieth Century-Fox Film Corp. v. Harbor Insurance Co.*, 85 Cal.App.3d 105, 149 Cal.Rptr. 313, (2d Dist. 1978), to refute Previews' claim of attorneys' fees.

*Twentieth Century-Fox* held that attorneys' fees incurred in an action by the insured against the insurer for the breach of the covenant of good faith were not recoverable. *Id.* at 115, 149 Cal.Rptr. 313. It relied on cases which hold that an insured is not entitled to an award of attorneys' fees in the prosecution of a separation action against an insurer to enforce rights to be indemnified or reimbursed for attorneys' fees previously incurred. *See Lowell v. Maryland Casualty Company*, 65 Cal.2d 298, 54 Cal.Rptr. 116, 419 P.2d 180 (1966); *Patterson v. Insurance Co. of North America*, 6 Cal.App.3d 310, 317–18, 85 Cal.Rptr. 665, (4th Dist. 1970); *Carroll v. Hanover Insurance Co.*, 266 Cal.App.2d 47, 50, 71 Cal.Rptr. 868 (1st Dist. 1968).

We hold that the proper standard is the one used by *Lowell, Patterson* and *Carroll.* This action was not one for breach of the covenant of good faith and fair dealing. Neither the complaint nor Previews' numerous supporting papers refer to a cause of action for breach of the covenant of good faith. Neither punitive damages nor other costs resulting from such a breach were requested.

Moreover, even if we were to view this case as an action for breach of the covenant of good faith, Previews would not be entitled to attorneys' fees. *Twentieth Century-Fox* so holds and *Mustachio* is not inconsistent.[2] The *Mustachio* court noted that the

2. *McDowell v. Union Mutual Life Insurance Co.*, 404 F.Supp. 136 (C.D.Cal.1975), may be inconsistent with this position. Because the *McDowell* court remanded to allow the plaintiffs to amend the complaint, it is not clear what attorneys' fees would be allowed. In *Twentieth Century-Fox Film Corp. v. Harbor Insurance Co.*, 85 Cal.App.3d 105, 149 Cal.Rptr. 313 (2d District 1978), the court interpreted *McDowell* to require only that plaintiffs receive attorneys' fees incurred in the bankruptcy action which resulted from the insurer's breach of the covenant of good faith. However, even if *McDowell* did authorize the award of attorneys' fees incurred in bringing the breach of the covenant of good faith suit, we do not find it persuasive. The federal court was reasoning from *Mustachio v. Ohio Farmers Ins. Co.*, 44

insured was not seeking fees incurred in bringing the breach of covenant suit, but the fees incurred prior to the settlement of the underlying action. *Mustachio, supra*, 44 Cal.App.3d at 362 n.4, 118 Cal.Rptr. 581. Previews cannot avoid the reasoning of these two lines of cases by collapsing the actions into one.

Affirmed as modified.

Cal.App.3d 358, 118 Cal.Rptr. 581, (2d District 1975), the California court's then most recent opinion on attorneys' fees in suits for breach of the covenant of good faith. In the meantime, *Twentieth Century-Fox* has unequivocally held that attorneys' fees are not available in such situations. Therefore, we do not find *McDowell* persuasive on this point.