**ZIEMAN MANUFACTURING CO. and Zieman Products, Inc., Plaintiffs-Appellants,**

v.

**ST. PAUL FIRE AND MARINE INS. CO., Defendants-Appellees.**

No. 82–6115.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1983.

Decided Dec. 5, 1983.

James M. Gansinger, Gansinger & Pick, Los Angeles, Cal., for plaintiffs-appellants.

Richard A. Neumeyer, Grace, Neumeyer & Otto, Los Angeles, Cal., for defendants-appellees.

* The Honorable Samuel P. King, Chief Judge, United States District Court, District of Hawaii, sitting by designation.

Before GOODWIN and ANDERSON, Circuit Judges, and KING,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Zieman Manufacturing Co. and Zieman Products, Inc. (Zieman) brought suit against their insurance carrier, St. Paul Fire and Marine Insurance Co. (St. Paul). Zieman alleged that St. Paul breached a contractual duty to defend and an implied covenant of good faith in the handling of a products liability suit against Zieman. Zieman appeals the district court's order granting a motion for summary judgment in favor of St. Paul. We affirm.

The standard of review on a summary judgment order is whether any genuine issues of material fact exist, thereby rendering summary judgment impermissible. Fed.R.Civ.P. 56(c). *Previews, Inc. v. California Union Insurance Co.*, 640 F.2d 1026 (9th Cir.1981). Zieman argues that summary judgment was impermissible because there are disputed facts concerning the two central legal issues: 1) whether a conflict of interest existed; and 2) whether the products liability suit could have been settled, after the amendment of the punitive damage claim, for less than the jury verdict. We agree with the district court's conclusion that there are no facts in dispute necessary to its ruling.

The district court's interpretation of the law of the state in which it sits will be upheld unless clearly wrong. *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir.1980). We note at the outset that we find no clear error in the district court's interpretation and application of California law.

1. *Duty to Defend*

Zieman alleges that a conflict of interest arose when the punitive damage

claim was filed in addition to the damage claim. Zieman characterizes this as a genuine issue of material fact; however, it fails to point to any facts in dispute relating to this issue. Nor does Zieman present any evidence that an actual conflict of interest existed which would prevent St. Paul's retained counsel from defending Zieman. St. Paul (by providing the legal services of Hillsinger and Costanza) fulfilled its contractual duty to defend Zieman on all claims against it.

### 2. Implied Covenant of Good Faith

The district court correctly held that St. Paul acted in good faith in its attempt to settle the underlying action against Zieman. Zieman failed to present any evidence that St. Paul acted in bad faith. St. Paul attempted, although unsuccessfully, to settle the suit against Zieman. The resulting judgment was higher than St. Paul expected, but still well within the policy limits. St. Paul had no absolute duty to settle the claim merely because Zieman risked a punitive damage award.

The decision of the district court is

AFFIRMED.[1]

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND JUDGMENT

GADBOIS, District Judge.

In this action the insured plaintiffs (herein collectively "Zieman") allege against the insurer St. Paul (i) breach of contract to defend and (ii) breach of the covenant of good faith and fair dealing. The policy in issue was one for general liability which had a $1 million limit. The incident giving rise to this claim was a product liability lawsuit brought against Zieman by one Stewart. St. Paul promptly assumed Zieman's defense first through its in-house counsel and later through the firm of Hill-

singer and Costanzo. During the progress of the case Stewart obtained leave of the court to amend his complaint to state a claim for punitive damages. St. Paul promptly notified Zieman of this fact, advising that both the policy and California law provided no coverage for willful actions. St. Paul tendered a full defense through the Hillsinger firm, however, but also promised cooperation if Zieman wished to associate its own counsel with Hillsinger. Zieman thereupon retained the Jones, Bell firm which did associate with Hillsinger.

At or near this time in the Superior Court proceedings counsel for Stewart apparently indicated a willingness to settle for either $200,000 or $250,000.[1] Zieman apparently urged St. Paul to settle at this level and offered to contribute $20,000 of its own funds for that purpose. St. Paul rejected a settlement at that figure and the Stewart case went to trial, resulting in a verdict of $387,107 in compensatory damages and $30,000 in punitive damages. St. Paul paid the entire compensatory damages, costs, and all legal fees of Hillsinger.

Zieman is now claiming that St. Paul is liable to it for fees of Jones, Bell in defending against punitive damages and for failure to settle the case within the policy limits, thereby subjecting it to liability for such damages.

### I.

### Breach of Contract to Defend

St. Paul tendered to Zieman and did in fact provide a full defense to the Stewart claim, including the claim for punitive damages. The lawyers who worked on the matter for Hillsinger were very experienced and highly regarded in the field of products liability defense, and there is no suggestion that the defense provided here was other than most able. Zieman's position here, however, is that irrespective of the quality

---

1. Judge Gadbois' decision of November 19, 1982, which we approve, is attached as an appendix hereto.

1. The actual amount of this indication, as well as whether it was made before or after Zie-

man's counsel were on notice of the punitive damage claim, are the only matters of fact in dispute in this case. Resolution of those matters is unnecessary to this ruling, however.

of the defense in fact offered, St. Paul could not legally provide through Hillsinger an adequate defense to Stewart's claim for punitives since there was a conflict of interest between insurer and insured from and after the notice of such claim. In order to reach that conclusion Zieman must take the position that, as a matter of law,[2] there is a conflict of interest between an insured and a liability insurer whenever a claim for punitive damages is made. That simply is not the law of California.

Indeed, the landmark duty-to-defend case in California specifically rejected that proposition. (*See Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 278–279, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).) The *Gray* opinion (n. 18) stated that the issue of punitive damages might present a potential conflict of interest only in rare cases. This action is not such a case.

Plaintiffs rely heavily on *Previews, Inc. v. California Union Ins. Co.,* 640 F.2d 1026 (9th Cir.1981). That case does not stand for the proposition that the mere assertion of a punitive damage claim creates a conflict of interest. The decision affirmed the conclusion of the district court that a conflict did in fact exist because of the questioned applicability of a deductible to every member of a class and cited the punitive claim as a factor supporting that decision. The *Previews* case is distinguishable in several other material respects, not the least of which is rejection of a proffered defense by the insured. In this case the insured *accepted* the defense while being advised by very able counsel who never suggested the presence of a conflict of interest while associated with the Hillsinger firm.

## II.

### Breach of Good Faith Covenant

Zieman claims damage by reason of St. Paul's failure to settle the Stewart claim thus exposing Zieman to the risk of punitive damages. There is no basis whatever

for that claim. The papers filed in support of this motion clearly demonstrate that counsel retained for Zieman and counsel for the other entities facing exposure to the Stewart claim conscientiously valued the same as having a jury verdict potential of no more than $100,000. They were wrong, of course, but that doesn't even suggest bad faith. The proposition that an insurer must settle, at any figure demanded within the policy limits, an action in which punitive damages are sought is nothing short of absurd. The practical effect of such a rule would be to pass on to the insurer the burden of punitive damages in clear violation of California statutes and public policy.

As St. Paul correctly observes, the California authorities on failure to settle within policy limits when there is an excess situation are wholly inapplicable to this case.

Even if they were, however, the policy limits in this case were never threatened under any view of what happened in the Stewart case. The ultimate demand was just under 50% of the limits and the jury verdict was less than 42%. The test of good faith settlement is whether a prudent insurer without policy limits would have accepted the settlement offer. St. Paul has demonstrated that its refusal to settle, first at $200,000 and later at $495,000, was prudent, and there is nothing in the record which would indicate that refusal in any way contemplated Zieman's punitive damage problem. Accordingly,

IT IS ORDERED that the complaint of plaintiffs Zieman Manufacturing Company and Zieman Products, Inc. be dismissed and judgment be entered in favor of defendant St. Paul Fire and Marine Insurance Company.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant St. Paul Fire and Marine Insurance Company have judgment against plaintiffs Zieman Manufacturing Company and Zieman Products, Inc., for costs in the sum of $_____.

---

2. There are no facts suggested in this case that suggest an actual conflict, and indeed the known facts negate it.