NIKE, INC., an Oregon corporation, Plaintiff,

v.

ATLANTIC MUTUAL INSURANCE COMPANY, a mutual insurance company, Defendant.

No. C 83–0158 AJZ.

United States District Court, N.D. California.

Dec. 29, 1983.

Marc P. Fairman, Deborah L. Leon, Morrison & Foerster, San Francisco, Cal., for plaintiff.

Edward J. McFetridge, St. Clair, Zappettini, McFetridge & Griffin, San Francisco, Cal., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ZIRPOLI, District Judge.

Plaintiff brought this motion for partial summary judgment on the issue of the liability of Atlantic Mutual Insurance Company (Atlantic), Nike's insurance carrier, to reimburse Nike for attorney's fees incurred in defending a libel suit. Under the insurance policy issued by Atlantic, it had a duty to defend Nike against the libel claim. Nike tendered the defense of the suit to Atlantic, which accepted, subject to the reservation of its right not to pay any possible adverse judgment if it were determined that the allegedly libelous statements by Nike were made with malice. In the same letter in which it reserved its right not to pay, Atlantic suggested that Nike retain its own counsel at Nike's own expense to associate with the attorney that Atlantic had designated to defend the case. Nike retained its own counsel, and the case was eventually settled, with neither Nike nor Atlantic having to pay any money. Nike then brought this suit against Atlantic to recover its costs and attorney's fees incurred for the services of independent counsel.

The court finds that the reservation of rights by Atlantic in the libel action created a conflict of interest between Nike and Atlantic which threatened to prejudice Nike's interests in that suit. This conflict arose from the fact that if the statements made by Nike were found to be malicious, Atlantic would not be liable to pay any portion of the damages award since its coverage did not extend to intentional misconduct. This fact could potentially have affected the way in which counsel that had been appointed by Atlantic would conduct the defense. At the very least, it placed defense counsel in a position where the interests of the insurer which had retained him were substantially different from the interests of the insured which he was to defend. Atlantic would benefit from a finding that the statement had been malicious, whereas Nike would be subject to substantially greater liability in the form of punitive damages and uninsured compensatory damages as a result of such a finding.

In cases where a conflict of interest exists between an insurer which has an obligation to defend, and its insured, California law provides that the interest of the insurer in controlling the defense must give way to the interest of the insured in being represented by independent counsel *of its own choice. Previews, Inc. v. Union Ins. Co.,* 640 F.2d 1026, 1028 (9th Cir.1981); *Executive Aviation, Inc. v. National Ins. Underwriters,* 16 Cal.App.3d 799, 810, 94 Cal.Rptr. 347 (1971). These cases make it clear that Nike had a right to retain counsel of its own choice at Atlantic's expense where there was a conflict of interest between Nike and Atlantic as to material issues in the libel suit, and where Atlantic had a duty to defend Nike under the insurance policy.

Atlantic's attempts to distinguish *Previews* and *Executive Aviation* are unpersuasive. In *Executive Aviation,* a conflict of interest arose between the insurer and its insured by virtue of the fact that proof of certain facts would have exempted the insurer from liability, but would also have jeopardized the insured's defense in a

wrongful death action. In that case, the insured was an operator of an aircraft sales and charter business. One of its planes crashed while being piloted by an individual who was licensed to fly sales demonstration flights, but not common carriage flights. Coverage under the insurance policy was conditioned upon operation of the aircraft by properly licensed pilots. Thus, the issue was raised as to whether the ill-fated flight was a sales demonstration (in which case the loss was insured), or a flight in common carriage (in which case the policy would not be in effect, and the standard of care owed to the passengers would be higher). The insurer advised the insured that its defense of the wrongful death claim would be subject to a reservation of rights not to pay any adverse judgment because of a lack of qualification of the pilot. The insured then brought an action for declaratory relief against the insurer, and the insurer answered by denying liability. The insured retained independent counsel of its own choice to defend the wrongful death action, even though the insurer also had retained an attorney to represent the defense in that action.

Under these circumstances, the California Court of Appeal held that the insurer was required to pay the reasonable value of legal expenses rendered by independent counsel retained by the insured to defend it in the wrongful death action. The court stated that "where a conflict of interest has arisen between an insurer and its insured, the attorney to defend the insured ... *should be selected by the insured* and the reasonable value of the professional services rendered assumed by the insurer." 16 Cal.App.3d at 809, 94 Cal.Rptr. 347 (emphasis added). "If the insured and the insurer are represented by two different attorneys, each of whom is pledged to promote and protect the prime interests of his client, adequate representation is guaranteed and the deleterious effect of the conflict of interest ... is averted." *Id.* In that case, the insurer initially retained the same law firm to defend the insured as it had retained to represent itself in the separate declaratory judgment action. Later,

however, it engaged a different law firm to represent the insured. Nevertheless, the court held that the insurer was required to pay for the services rendered by the insured's independent counsel where the "insured had no say in the choice of counsel to defend its interests." *Id.* at 810, 94 Cal. Rptr. 347.

Defendant in the present case seeks to distinguish *Executive Aviation* on the grounds that it involved a situation where there were *two* lawsuits in which the insurer was participating, and the positions taken were directly conflicting. Thus, defendant seeks to limit the holding of that case to the "unique facts" presented. Atlantic notes that a separate declaratory judgment action was never filed in the present dispute, and urges that this fact is enough to show that there was no real conflict of interest between Atlantic and Nike. This argument makes no sense. Clearly the conflict between the insured and the insurer's interests was present. The fact that it had not become manifested in the form of a separate declaratory judgment action in no way lessens the severity of the conflict. To the contrary, it would seem that there is a *greater* danger that the interests of the insured, or of the insurer, will not be protected to the maximum extent possible where the issue upon which the conflict turns is to be litigated in the same lawsuit in which the liability of the insured is also to be determined.

Neither did the court in *Executive Aviation* appear to place any special weight upon the fact that two separate actions were being pursued simultaneously. What was important in that case, and what is present in this one also, is the conflict of interest between the insured and its insurer, and the "deleterious effect" that such a conflict might have on the ability of counsel to provide adequate representation. Indeed, the court apparently contemplated that an insurer may have to pay for independent counsel chosen by the insured even in cases where only one lawsuit was brought: "While an insurer may be dismayed at having to pay the cost of two

attorneys for one action, we are cognizant that the necessity for this action stems from its failure to provide with any degree of clarity for this conflict of interest contingency in drafting the terms of the contract." *Id.* at 810, 94 Cal.Rptr. 347.

Defendant does not even attempt to address the holding of *Previews.* It merely states that the case is "difficult to understand and distinguishable." In *Previews,* the Ninth Circuit, applying California law, held that an insurer was required to pay the attorney's fees of its insured's independent counsel where the interests of the insurer and its insured were in conflict. The court found that "a plain conflict of interest" existed as to the conduct of the defense, and that in such a case, the insured was entitled to retain its own counsel at the expense of the insurer. 640 F.2d at 1028. *Previews* involved a class action suit against a realtor for acts and omissions in the course of professional services. The court noted that it was in the interest of the insurer to have the case certified as a class action, but it would not have been in the insured's interest. *"Moreover, [the insurer's] best interests are served by a finding of willful conduct because it thus may not be deemed liable.* Previews, on the other hand, could suffer greater loss by a finding of willful conduct because [it] would then be liable for punitive damages." *Id.* (emphasis added).

In the present case, where there was a clear conflict of interest, Nike should have been able to retain counsel of its own choice at Atlantic's expense. It was not given an opportunity to do so. Counsel retained by Atlantic to defend the insured was *Atlantic's* choice, not Nike's. Nike was notified by Atlantic that it could "engage your own counsel to associate with our attorney" but that it would have to do so at its own expense. This action on the part of Atlantic was not in accord with its duty under California law to place the interests of its insured ahead of its own interest in controlling the defense of the action.

Atlantic's other arguments relate only to the *extent* of reimbursement to which Nike is entitled, and so are not relevant to the present motion for partial summary judgment. Thus, Atlantic's protest that it "never had the opportunity to consider engaging separate counsel [or] to discuss the matter with Nike to see if they could agree on a single law firm" (because Nike did not inform Atlantic of its intent to seek reimbursement until after the libel suit had been settled) may well entitle it to offset the amounts paid to the attorney which it retained to defend Nike against the fees which Nike now seeks to recover for the services of its independent counsel. Nevertheless, this argument does not preclude Nike from recovering some portion of the fees incurred for the services of independent counsel. Similarly, if it is determined that Nike prolonged the litigation for its own purposes other than that of avoiding liability, it will not be entitled to recover the excessive legal expenses attributable to such delay.

Accordingly,

IT IS ORDERED that plaintiff Nike's motion for partial summary judgment is granted.