46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard MORGAN; Morgan's Holiday Markets Inc., Plaintiffs-Appellees,
v.
ROYAL INSURANCE CO; Royal Insurance Company of America,
Defendants-Appellants.
 No. 93-15763.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Feb. 2, 1995.
 
 Before: LAY,**, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In this diversity case, Royal Insurance Co. and Royal Insurance Co. of America (collectively "Royal") appeal from a grant of partial summary judgment ruling that they were obligated to defend Richard Morgan and Morgan's Holiday Markets, Inc. (collectively "Morgan") in three suits filed against Morgan by Billy Davis in Shasta County Superior Court of California. All three of Davis's suits alleged Morgan intentionally allowed his cattle to overgraze and trespass on Davis's land located in Shasta County, California, but each suit related to a different time period and alleged distinct causes of action. After Royal refused Morgan's tender of defense, Morgan sued Royal for breach of its covenant of good faith and fair dealing as well as its policy contracts, and also requested a declaratory judgment that Royal was obligated to defend him in the Davis actions. Both parties filed motions for summary judgment, or in the alternative, partial summary judgment. The trial court granted Morgan partial summary judgment on the breach of contract claim and granted his request for a declaratory judgment. We affirm.
 
 BACKGROUND
 
 3
 During the years concerned, Morgan purchased general commercial liability insurance from Royal. Royal denied his tender of defense in four actions by Davis against Morgan relating to Morgan's trespassing on Davis's open range land in Shasta County.[1] Only three of those actions are concerned in this appeal. The alleged acts occurred in 1985 through 1988.
 
 
 4
 In the first action, filed November 15, 1985, Davis alleged Morgan intentionally placed cattle on Davis's property on November 14, 1985, overstocking the land and damaging the property. Davis sought damages and an injunction. Davis filed the second action on December 15, 1986, claiming Morgan intentionally placed his cattle on land to which Davis had grazing rights during the 1985/86 grazing season. As a result of the overstocking, twenty-five of Davis's cattle starved. Davis sought damages for intentional interference with contracts Davis had entered into, intentional interference with his prospective economic advantage, and intentional infliction of emotional distress. Finally, in his third action, filed November 27, 1990, Davis alleged that in the period from November 1987 to May 1988, Morgan intentionally placed too many of his cattle on his land, knowing the cattle would move onto Davis's land to graze. Morgan thus deprived Davis of the use of Davis's pasture and, in effect, fraudulently sold Davis's grass to others.
 
 
 5
 Three policies issued by Royal covered the time period of these claims. Under the first two policies, Royal's obligations to Morgan were outlined as follows:
 
 
 6
 pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent....
 
 
 7
 These two policies defined "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured...." The third policy stated in pertinent part:
 
 
 8
 If a claim is made or a suit is brought against any "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, [Royal] will:
 
 
 9
 1. pay up to our limit of insurance for the damages for which the "insured" is legally liable; and
 
 
 10
 2. provide a defense at our expense by counsel of our choice.
 
 
 11
 It defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
 
 
 12
 Royal refused to provide a defense in all three actions principally because the policies cover damages from an "occurrence" which all three policies define as an "accident." Royal contended that because the complaints alleged intentional conduct, the damages were not the result of an accident and there was no possibility of coverage, and consequently, no obligation to defend.[2] Morgan sued in state court in August, 1991, claiming Royal breached its covenant of good faith and fair dealing and its contract, seeking a declaratory judgment that Royal was obligated to defend him and included, as well, a claim for damages. Royal removed the action on diversity grounds to federal district court.
 
 
 13
 The parties filed cross motions for summary judgment, or in the alternative, partial summary judgment on the breach of contract and declaratory relief claims. At the hearing, Morgan relinquished all claims to damages except his defense costs. The court acknowledged the complaints alleged willful conduct that did not constitute an "accident" under the policies. However, the court observed that in the state of California the duty to defend was "measured by the potential for liability under the policy's coverage as revealed by the facts argued in the underlying complaint or otherwise known by the insured at the time and not by the technical cause of action pled." Hearing Transcript at 10-11.[3] Without more, the court granted Morgan partial summary judgment, awarding him $179,505.62. The court later reduced that amount and dismissed Morgan's tort claim with prejudice. Royal appeals, claiming the court did not apply the correct standard to determining whether it had a duty to defend.
 
 DISCUSSION
 
 14
 Under California law, an insurer "is not absolved from its duty to defend the lawsuit merely because it is forbidden by law or contract to indemnify the liability-causing action." Ohio Casualty Ins. Co. v. Hubbard, 208 Cal.Rptr. 806, 809 (Ct.App.1984) (quoting Previews, Inc. v. California Union Ins. Co., 640 F.2d 1026, 1028 (9th Cir.1981)); see Republic Indem. Co. v. Superior Court, 273 Cal.Rptr. 331, 335 (Ct.App.1990). Royal's duty to defend Morgan is not extinguished merely because Royal would be prohibited from indemnifying Morgan under the language of the insurance contracts and California law[4] if he ultimately were found to have intentionally allowed his cattle to trespass upon Davis's land. See Gray v. Zurich Ins. Co., 54 Cal.Rptr. 104, 113 (1966); Republic Indem. Co., 273 Cal.Rptr. at 334.
 
 
 15
 Rather, the applicable test for determining if Royal has a duty to defend Morgan is whether Morgan could "reasonably expect the policy to cover the types of acts involved in the underlying suit[.]" Hubbard, 208 Cal.Rptr. at 811. This standard applies even though Davis's complaint was premised on intentional conduct only. See, e.g., Republic Indem. Co., 273 Cal.Rptr. at 335 ("[A]n insurer is excused from defending an action premised on wilful conduct only if there is an express exclusion to that effect or if the insured does not reasonably expect such a defense.").
 
 
 16
 The record discloses that Morgan could reasonably expect Royal would defend him against suits stemming from his cattle operations under his general commercial insurance policies. If Morgan intentionally had his cattle trespass on Davis's land, we would agree that Morgan could not reasonably have expected coverage under the language of the policies. Yet Royal could not definitely establish that Morgan had such intent, and Morgan denies that he did. Thus, because Royal and Morgan dispute whether Morgan's trespass was intentional, and the duty to defend is broader than the duty to indemnify, we hold that the district court did not err in concluding Royal was obligated to defend Morgan.
 
 
 17
 JUDGMENT AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Davis filed a total of six actions against Morgan
 
 
 [2]
 Royal further insisted before district court and on appeal that the suits involved open range land where negligent trespass is not actionable as a matter of state law. For this proposition, Royal relied on a California appeals court decision in one of Davis's actions against Morgan and two secondary sources. See Davis v. Morgan, No. 86207 at 6 (3d D.Cal.Ct.App. Jul. 12, 1989); Restatement (Second) of Torts Sec. 504, cmt k (1977); Robert C. Ellickson, Of Coase and Cattle: Dispute Resolution Among Neighbors in Shasta County, 38 Stan.L.Rev. 623, 662 (1986)
 
 
 [3]
 After considering the parties' cross-motions, the court ruled in favor of Morgan from the bench
 
 
 [4]
 See Cal.Ins.Code Sec. 533 ("An insurer is not liable for a loss caused by the willful act of the insured...."); Cal.Civ.Code Sec. 1668 (stating contracts that exempt one from responsibility for willful injuries are against public policy)