59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 HOMESTEAD INSURANCE COMPANY, a Pennsylvania corporation,
Plaintiff-Appellee,
v.
CORNISH & CAREY RESIDENTIAL, INC., a California corporation;
Tom Campagna, Defendants-Appellants.
Twin City Fire Insurance Company, amicus, Amicus.
CORNISH & CAREY RESIDENTIAL, INC., a California corporation;
Tom Campagna, Plaintiffs-Appellants,
v.
HOMESTEAD INSURANCE COMPANY, a Pennsylvania corporation,
Defendant-Appellee.
Twin City Fire Insurance Company, amicus, Amicus.
 Nos. 93-16461, 93-17122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided June 23, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm for the reasons expressed by the district court.
 
 Farris, Circuit Judge, concurring:
 
 3
 I agree that the district court's legal analysis is satisfactory. It properly relied on Zieman Mfg. Co. v. St. Paul Fire & Marine Ins. Co., 724 F.2d 1343, 1346 (9th Cir. 1983).
 
 
 4
 However, the district court failed to discuss Homestead's letter to Cornish & Carey, dated May 14, 1992. Homestead told Cornish & Carey to settle the uncovered claims under the insurance policy if Cornish & Carey wanted to eliminate the risk of an unfavorable judgment. Homestead also told Cornish & Carey not to settle the insurance policy's covered claims. Cornish & Carey contend that this letter prevented them from settling because the plaintiff would have never settled the case piecemeal. There is no evidence, however, that Cornish & Carey made any attempt to settle the uncovered claims. Further, they failed to respond to Homestead's letter. They might have explained that if they did not have permission to settle the entire case, they would hold Homestead responsible for failing to arrive at a settlement.
 
 
 5
 Affirmance is mandated by the record.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3