**Barbara WARDRIP, Plaintiff,**

v.

**Dillis L. HART, M.D., Defendant,**

v.

**Continental Insurance Company, Garnishee.**

**No. 94–1058–JTM.**

United States District Court, D. Kansas.

Nov. 3, 1998.

---

Dan E. Turner, Turner & Turner Law firm, Topeka, KS, for Plaintiff.

John L. Carmichael, Wilson, Lee & Gurney, Wichita, KS, Randall H. Elam, Wichita, KS, for Defendant.

Jay F. Fowler, Stephen M. Kerwick, Foulston & Siefkin L.L.P., Wichita, KS, 'for Garnishee.

## ORDER

MARTEN, District Judge.

The court has at hand Continental Insurance Company's motion to dismiss this post-judgment garnishment action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and Wardrip's motion to compel production of documents. The parties have briefed both motions.

The garnishment action currently before the court arises from Wardrip's medical malpractice lawsuit against Dr. Dillis Hart. In that underlying action, a jury awarded $900,-000 in compensatory damages and determined punitive damages were appropriate. Magistrate Judge Reid adjusted the actual damages to $850,000 and awarded Wardrip $200,000 in punitive damages. As Hart's insurer, Continental paid the $850,000 in compensatory damages into the court, and the funds were disbursed to Wardrip. During post-trial discovery regarding Hart's financial condition, Magistrate Judge Reid further assessed a $2,000 sanction against Hart

for his failure to comply with the court's discovery order. Hart subsequently filed for bankruptcy.

■ Because Hart has failed to pay the $200,000 in punitive damages and the $2,000 sanction, Wardrip now seeks those amounts from Continental. Continental contends it is against Kansas public policy for an insurer to pay an insured's punitive damages. Continental further disclaims responsibility for the $2,000 sanction, because it was assessed against Hart based on his own failure to cooperate and after Continental paid the covered portion of the judgment for compensatory damages.

Wardrip, who has been assigned Hart's claims against Continental, provides four theories to support its garnishment action: (1) Continental's failure to properly defend the malpractice case; (2) its negligence and bad faith in handling settlement negotiations; (3) its negligence and bad faith in failing to keep Hart properly advised regarding the status of the case and the possibility of a punitive damage award; and (4) its negligence and bad faith in failing to properly investigate the facts of the case and to advise Hart of the possibility of a judgment in excess of the policy limits.

### I. Motion to Dismiss Standards.

A post-judgment garnishment proceeding is, in essence, a new case and the court will treat it as such. Therefore, Wardrip's motion for an order of garnishment will be treated as a complaint. In deciding this motion to dismiss, the court accepts as true all the well-pleaded allegations of Wardrip's motion and construes them in the light most favorable to Wardrip. *David v. City and County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only "if the plaintiff can prove no set of facts to support a claim for relief." *Id.* Although the court has accepted Wardrips's allegations as true and has afforded her all reasonable inferences

therefrom, this post-judgment garnishment action must be dismissed.

### II. Punitive Damages.

■ Kansas case law and public policy clearly prohibit insurance coverage for punitive damages. *See e.g., Hartford Accident & Indemnity Co. v. American Red Ball Transit Co.,* 262 Kan. 570, 938 P.2d 1281 (1997); *St. Paul Surplus Lines Insurance Co. v. International Playtex Inc.,* 245 Kan. 258, 777 P.2d 1259 (1989); *Koch v. Merchants Mutual Bonding Co.,* 211 Kan. 397, 507 P.2d 189 (1973); *Farmer v. Rutherford,* 136 Kan. 298, 15 P.2d 474 (1932). In Kansas, exemplary damages are awarded to punish and deter. *Hartford Accident,* 262 Kan. at 575, 938 P.2d at 1286. Public policy requires that payment of punitive damages "rest ultimately as well as nominally on the party who committed the wrong; otherwise, they would often serve no useful purpose." *Id.* The goal of imposing punitive damages is to "make the culprit feel the pecuniary punch, not his guiltless guarantor." *Id.* Allowing insurance coverage for punitive damages would excuse the consequences of a defendant's reckless behavior. *St. Paul Surplus,* 245 Kan. at 273, 777 P.2d at 1269.

■ Although insurance companies are not responsible for punitive damages assessed against their insureds, they are required to act in good faith and with due care in defending and settling actions on behalf of their insureds. *See e.g., Covill v. Phillips,* 452 F.Supp. 224 (D.Kan.1978); *Bollinger v. Nuss,* 202 Kan. 326, 449 P.2d 502 (1969); *Bennett v. Conrady,* 180 Kan. 485, 305 P.2d 823 (1957). Failure to comply with the principles of good faith and due care may result in an insurer's liability for the "full amount of its insured's resulting loss, even if that amount exceeds the limit of the policy." *Bollinger,* 202 Kan. at 332, 449 P.2d at 507. The "full amount" of an insured's liability includes amounts in excess of policy limits, but not punitive damages.[1] As the Tenth Circuit has

1. For example, if an insurance policy contains a one million dollar liability limit and an insured's liability is determined to be two million dollars, an insurer that has acted in bad faith or negligently would be liable for the entire two million dollars, even though the policy limit is one million. If, however, the insurer has acted in good faith and with due diligence, the insured would be liable for the excess one million.

observed, the risk to an insured from a potential excess judgment is quite different from exposure to uninsurable punitive damages. *See Magnum Foods, Inc. v. Continental Casualty Co.,* 36 F.3d 1491, 1504 (10th Cir.1994). " 'The proposition that an insurer must settle, at any figure demanded within the policy limits, an action in which punitive damages are sought is nothing short of absurd. The practical effect of such a rule would be to pass on to the insurer the burden of punitive damages.' " *Id.* at 1505 (quoting *Zieman Mfg. Co. v. St. Paul Fire & Marine Ins. Co.,* 724 F.2d 1343, 1346 (9th Cir.1983)).

Because the goal of exemplary damages is to punish and deter wrongdoers, Hart remains liable for the $200,000 in punitive damages. The jury determined Hart should be punished for his misconduct, not his insurer. To hold otherwise would offend Kansas's well-established public policy.

### III. Sanctions.

 Wardrip also seeks from Continental the $2,000 sanction that Magistrate Judge Reid imposed on Hart. Magistrate Judge Reid found Hart acted in bad faith and with malice in failing to turn over his financial records during the punitive damages phase of the malpractice action. Because of Hart's noncompliance with the court's discovery order, the court imposed a Rule 37(b) sanction.

Like punitive damages, sanctions are imposed to punish one's actions and to deter future misconduct. *See Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1555 (10th Cir.1996). Whereas punitive damages are imposed to punish behavior that occurred outside the litigation process, Rule 37(b) sanctions are imposed to punish behavior that occurred during the litigation process, specifically, for discovery violations. Because the goal of sanctions is to punish and deter misconduct, those who receive them should have to pay their price. To allow insurers to pay their insured's sanctions would defeat the punitive purpose of sanctions. Therefore, Hart remains liable for the $2,000 sanction, not Continental.

### IV. Motion to Compel Production of Documents.

Wardrip has also filed a motion to compel production of documents. In light of the court's dismissal of the post-judgment garnishment action, Wardrip's motion is denied as moot.

IT IS THEREFORE ORDERED this 3rd day of November, 1998 that Continental's motion to dismiss for failure to state a claim (Dkt.254) is granted and Wardrip's motion to compel production of documents (Dkt.276) is denied as moot.