**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BARBARA WARDRIP,

       Plaintiff-Appellant,

v.

DILLIS L. HART, M.D.,

       Defendant.

CONTINENTAL INSURANCE
COMPANY,

       Garnishee-Appellee.

No. 98-3333
(D.C. No. 94-CV-1058-JTM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Barbara Wardrip appeals from the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of her garnishment action against Continental Insurance Company. *See Wardrip v. Hart*, 28 F. Supp. 2d 1213 (D. Kan. 1998). Wardrip contends that the district court erred in allowing Continental to file a late answer, and correspondingly, not granting her a default judgment, and by holding that Continental was not liable to her for punitive damages awarded in her underlying action against Continental's insured, Dr. Dillis Hart. Finding no error in the district court's decisions, we affirm.

Wardrip's garnishment action arose from her medical malpractice lawsuit filed in the district court against Hart. In that case, a jury awarded her $900,000 in compensatory damages, reduced by the district court to $850,000, and $200,000 in punitive damages. The court also awarded her $2,000 as a sanction against Hart for failure to comply with a discovery order. As Hart's insurer, Continental paid the $850,000 in compensatory damages. Wardrip then filed this garnishment action against Continental by serving an order of garnishment on the Kansas Commissioner of Insurance, as provided by Kan. Stat. Ann. § 40-218. As allowed by the statute, Continental was ordered to file an answer within forty days. After the forty days had passed without an answer, Wardrip moved for a default

judgment. The district court denied Wardrip's motion and granted Continental's motion to file an answer out-of-time. Following Wardrip's reply and traverse to its answer, Continental moved to dismiss the garnishment action under Rule 12(b)(6) on the basis that Kansas law prohibited insurance coverage for both the punitive damages and the discovery sanction. The district court agreed and granted Continental's motion.

On appeal, Wardrip first argues that the district court should have granted her motion for default judgment. The district court found that Continental's failure to timely answer was due to excusable neglect, *see* Fed. R. Civ. P. 6(b), because the responsible official at Continental did not have actual notice of the order of garnishment until after Wardrip filed her default motion (apparently due to Continental's moving its offices and merging with another insurer), it timely thereafter moved to file an answer out-of-time, there was no evidence of bad faith by Continental, and Wardrip had not shown she was prejudiced by Continental's delayed answer. We review the district court's decision granting Continental's motion to file its answer out-of-time because of excusable neglect for an abuse of discretion. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995); *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1045 (10th Cir. 1994).

In determining whether neglect was excusable, courts consider four factors: "'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* at 1046 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Wardrip argues only that the reason for the delay--Continental's negligence--should not be excused. She does not demonstrate that she was prejudiced by the delay, that the delay caused any negative impact on the case, or that Continental acted in bad faith. We see no abuse of discretion in the court's allowing Continental to file its answer out-of-time and denying her motion for default judgment.

Wardrip's other argument on appeal is that the district court erred in concluding that Kansas law prohibited her from recovering punitive damages from Continental. Hart assigned his rights against Continental to Wardrip. Although Wardrip asserted her claim against Continental in a garnishment action, she does not contend that the policy it issued to Hart directly covered the punitive damages she seeks to recover, nor does she challenge the district court's conclusion that Kansas law generally prohibits insurance coverage for punitive damages, *see Hartford Accident & Indem. Co. v. American Red Ball Transit Co.*, 938 P.2d 1281, 1292-93 (Kan. 1997). Instead, she contends that Continental

acted negligently and in bad faith in defending Hart, and that as a result, it can be liable for the punitive damages assessed against Hart. [1]  Wardrip bases her argument on *Magnum Foods, Inc. v. Continental Casualty Co.*, 36 F.3d 1491, 1504-06 (10th Cir. 1994).

In *Magnum*, where we interpreted Oklahoma law, we held that "where both compensatory and uninsurable punitive damages are sought, and [the insurer has] assumed the defense of the entire suit under the obligations of the policies, the presence of the punitive claim did not absolve [the insurer] from its obligation of good faith in handling the entire case." *Id.* at 1506 (footnote omitted). *Magnum* thus recognizes that an insurer's duty of good faith covers situations in which punitive damages are sought from the insured. However, it further holds that recoverable damages *cannot* include the punitive damages awarded against the insured:

> [I]n our view there was error in the compensatory damages award ($750,000) on the bad faith claim because it was based, *inter alia*, on consideration of the $600,000 amount that Magnum [the insured] paid to settle the punitive damage award entered against it in the state court suit. This in effect shifted Magnum's punitive liability to the insurer which, in the circumstances of this case, violated Oklahoma public policy. Accordingly, we reverse and remand for a new trial on the bad faith claim at which Magnum may seek compensatory damages based on injury other than the $600,000

---

[1]  Assertion of bad faith claims in garnishment actions is apparently permissible under Kansas procedure. *See Gilley v. Farmer*, 485 P.2d 1284, 1290 (Kan. 1971); *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1558 (D. Kan. 1990).

payment. This may compensate for alleged harm to Magnum's business and reputation proximately caused by [the insurer's] alleged breach of its duty of good faith in its handling of the defense of the entire case and in its conduct in the settlement negotiations.

36 F.3d at 1507 (citations omitted); *see also id.* at 1506 ("[T]he jury should be instructed at the new trial . . . that the jury should not consider Magnum's payment of $600,000 to settle the state punitive damage judgment in determining any compensatory award on the bad faith claim, and the jury should be told that Oklahoma law prohibits shifting such a punitive liability to an insurance company."). In this case, the only damages Wardrip is claiming is the amount of punitive damages assessed against Hart, plus some related items. [2] *See* Wardrip's Reply and Traverse to Continental's Answer, Appellant's App. at 134 (requesting "remaining amount owed to the plaintiff"); Response to Continental's Motion To Dismiss, Appellant's App. at 18 ("This is a garnishment action against an insurance company to collect the *remaining unpaid judgment* due the plaintiff.") (emphasis added). Wardrip is not claiming that any bad faith on Continental's part caused injury other than Hart's incurrence of punitive damages. Thus, even if we concluded that Kansas law were similar to the Oklahoma law interpreted in

---

[2]    In her complaint, Wardrip also requested interest on the punitive damages and costs and attorney fees related to the garnishment action. Although the district court addressed the $2,000 in sanctions awarded against Hart, Wardrip did not mention them in her request for damages.

*Magnum* , because the only damages Wardrip seeks are unrecoverable, she has not stated a valid bad faith claim, and the district court correctly dismissed it.

The judgment of the district court is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge