SAN JOSE PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,

v.

OLD REPUBLIC LIFE INSURANCE COMPANY, an Illinois corporation, Defendant-Appellant.

No. 83–1705.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1983.

Decided Jan. 12, 1984.

William J.A. Weir, Murphy, Weir & Butler, San Francisco, Cal., for plaintiff-appellee.

Martin Quinn, Rogers, Joseph, O'Donnell & Quinn, San Francisco, Cal., for defendant-appellant.

Before WRIGHT, CHOY and POOLE, Circuit Judges.

POOLE, Circuit Judge:

In this diversity action, for breach of a "hold harmless agreement", Old Republic appeals a judgment holding it liable for breach of the indemnity agreement, compensatory and punitive damages in tort for breach of the implied covenant of good faith and fair dealing, and for attorneys' fees. The district court awarded San Jose Production Credit Association (PCA) compensatory damages of $172,548.65 on its contract claim, $110,683 on its tort claim (the amount of attorneys' fees incurred by PCA in the prosecution of this suit) and $500,000 in punitive damages. We affirm the finding of liability and the award of compensatory damages on the contract claim. We reverse the finding of liability and the award of attorneys' fees and punitive damages on the tort claim.

FACTS

PCA is a farmer-owned cooperative which provides loans to farmers and fisher-men. In 1975, PCA agreed to sell Old Republic's credit disability insurance to PCA borrowers. Credit disability insurance obligates Old Republic to pay claims of disabled borrowers directly to PCA, thereby preventing borrowers from defaulting on their loans.

PCA received a commission for selling the policies of insurance. Also, Old Republic executed a hold harmless agreement, the subject of this suit, which provided that it "agrees to defend, indemnify, save harmless and protect [PCA], its officers and employees, against any claims, demands, suits and judgments for damages, loss, costs and attorneys's fees in connection with credit disability insurance issued [by PCA]."

In December, 1977, Jack Boyd borrowed $40,000 from PCA. PCA issued Boyd a one year certificate of credit disability insurance. Boyd became disabled. From June, 1978, until September, 1978, he filed disability claims with Old Republic which in turn paid the claims to PCA. In October, 1978, without explanation, Old Republic stopped paying Boyd's additional claims. As a result, Boyd defaulted on his loan and PCA commenced nonjudicial foreclosure proceedings against him.

To prevent foreclosure, Boyd commenced an action against PCA and Old Republic, *Boyd v. San Jose Production Credit Association, et al.*, Civil Case No. 438624, filed in the California superior court for the County of Santa Clara. The superior court issued a temporary restraining order enjoining PCA's foreclosure.

After the *Boyd* action was filed, Old Republic informed PCA that it would "completely" protect PCA from "any liability" which might arise out of Boyd's claims. PCA invoked the hold harmless agreement by tendering the defense and demanding that Old Republic "defend, indemnify and save [PCA] harmless" in the *Boyd* action. Old Republic did not defend the action.

PCA was eager to settle with Boyd, but Old Republic stood aloof. PCA, without Old Republic's participation, eventually settled the *Boyd* action for $50,000 and an

exoneration of Boyd's loans. The settlement agreement was "without prejudice to any of PCA's rights against Old Republic, including reimbursement for the $50,000 paid by PCA to the Boyds as part of the settlement."

After PCA's demand for reimbursement was refused, PCA filed this action in California superior court. Old Republic removed the case to federal court pursuant to 28 U.S.C. § 1441. The district court rendered judgment in favor of PCA and this appeal was taken.

## DISCUSSION

### The Hold Harmless Agreement

■ The district court found that Old Republic breached the hold harmless agreement in three ways: (1) failing to accept PCA's tender of its defense in the *Boyd* action; (2) "exerting its own interests over those of PCA;" and (3) failing to participate in the settlement of the *Boyd* action. Old Republic challenges these findings of fact as "clearly erroneous." Fed.R.Civ.P. 52(a). We need not discuss each of these separate findings for we are convinced that the record contains ample evidence of breach.

The trial court found that the hold harmless agreement bound Old Republic to "indemnify [PCA] against any claims ... for damages, loss, costs and attorney's fees in connection with credit disability insurance." The *Boyd* claim is covered by the agreement. Old Republic promised PCA that it would be "completely protected from any liability which [might] arise out of the *Boyd* claim." PCA formally requested its promisor to "defend, indemnify and save it harmless" in the *Boyd* action. Old Republic neither defended the *Boyd* action nor did it reimburse PCA for the expenses of the *Boyd* settlement.

The above findings are not challenged. They support the conclusion that Old Republic wrongfully failed to perform its contractual obligations and must therefore compensate PCA for its losses. The district court correctly found Old Republic liable for breach of contract and properly awarded PCA $172,548.65 in compensatory damages.

### The Implied Covenant of Good Faith and Fair Dealing

The district court also concluded that the same three acts which breached the agreement also constituted breaches of the implied covenant of good faith and fair dealing. This conclusion of law is incorrect.

■ Under California law, which applies, all contracts contain an implied covenant of good faith and fair dealing. *Egan v. Mutual of Omaha Insurance Company,* 24 Cal.3d 809, 818, 169 Cal.Rptr. 691, 620 P.2d 141 (1979), *cert. denied* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980). This covenant "requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Id., see* generally, Comment, *Extending the Insurer's Duty of Good Faith and Fair Dealing to Third Parties under Liability Insurance Policies,* 25 UCLA L.Rev. 1413, 1418–1424 (1978). Although the covenant is couched in contractual terms, it is largely a creation of tort law. *Silberg v. California Life Insurance Company,* 11 Cal.3d 452, 460, 113 Cal.Rptr. 711, 521 P.2d 1103 (1974); Comment, *supra,* at 1418.

■ The district court concluded that Old Republic breached the implied covenant when it refused to accept PCA's defense in the *Boyd* action. This conclusion is not supported by California law. California courts have consistently treated an insurer's refusal to defend as a breach of contract rather than a breach of the implied covenant. *Johansen v. California State Automobile Association Inter-Insurance Bureau,* 15 Cal.3d 9, 17–18, 123 Cal.Rptr. 288, 538 P.2d 744 (1975); *Gray v. Zurich Insurance Company,* 65 Cal.2d 263, 280, 54 Cal.Rptr. 104, 419 P.2d 168 (1966); *Comunale v. Traders & General Insurance Company,* 50 Cal.2d 654, 659, 328 P.2d 198 (1958); *State Farm Mutual Automobile Insurance Company v. Allstate Insurance Company,* 9 Cal. App.3d 508, 529, 88 Cal.Rptr. 246 (1970). Thus, Old Republic's refusal to defend, without more, amounted only to a breach of

contract, not a breach of the implied covenant.

■ The district court also held that Old Republic's failure to participate in the *Boyd* settlement breached the implied covenant. California law imposes upon a liability insurer a duty to accept reasonable settlement offers by third party victims within the policy limits. *Samson v. Transamerica Ins. Co.*, 30 Cal.3d 220, 237, 178 Cal.Rptr. 343, 636 P.2d 32 (1981); *Murphy v. Allstate Insurance Company*, 17 Cal.3d 937, 941, 132 Cal.Rptr. 424, 553 P.2d 584 (1976).

■ The source of this duty is the policy limits. The insured has a strong incentive to settle claims within policy limits, while the insurer may be moved to forego settlement and risk that its liability will be lower when established by trial. The insurer has little to lose by this gamble because if the judgment exceeds the policy limits, the insured is liable for the excess. To prevent this conflict of interest, California law requires insurers to accept reasonable settlements within policy limits. *Murphy*, 17 Cal.3d at 941, 132 Cal.Rptr. 424, 553 P.2d 584.

■ Here there is no conflict of interest between Old Republic and PCA such as to give rise to a duty to settle. The hold harmless agreement contains no policy limits. Old Republic is obligated to indemnify PCA for "any ... loss, costs and attorneys' fees." There is no danger that PCA will be held liable for any amount of the loss. "Where there is no risk to the insured there is no duty to settle." *Scheuch v. Western World Insurance Company*, 82 Cal.App.3d 31, 37, 145 Cal.Rptr. 294 (1978); *Shapero v. Allstate Insurance Company*, 14 Cal.App.3d 433, 438, 92 Cal.Rptr. 244 (1971).

Because there was no risk to PCA, Old Republic was not under a duty to settle the *Boyd* action. The district court erred in holding that Old Republic's failure to participate in the *Boyd* settlement was a breach of the implied covenant.

■ Finally, the district court concluded that Old Republic breached the implied covenant by "exerting its own interests" over those of PCA. This conclusion is erroneous. As we previously discussed, there is no conflict of interest between the parties. If Old Republic's conduct resulted in Boyd's obtaining a larger settlement from PCA, this would only injure the insurer. In the absence of conflict of interest between insured and insurer, the insurer cannot breach the implied covenant by exerting its own interests over those of the insured because the interests of both parties are identical.

*Attorneys' Fees and Punitive Damages*

Having concluded that Old Republic breached the implied covenant, the district court awarded PCA its attorneys' fees in this action and punitive damages. Neither award may stand.

The California Supreme Court has not decided whether attorneys' fees can be recovered in bad faith actions. The California Courts of Appeal have split on the issue. *Compare Austero v. Washington National Insurance Company*, 132 Cal.App.3d 408, 182 Cal.Rptr. 919 (1982) and *Twentieth Century-Fox Film Corporation v. Harbor Insurance Company*, 85 Cal.App.3d 105, 149 Cal. Rptr. 313 (1978) *with Mustachio v. Ohio Farmers Insurance Company*, 44 Cal.App.3d 358, 118 Cal.Rptr. 581 (1975); and *Dinkins v. American National Insurance Company*, 92 Cal.App.3d 222, 154 Cal.Rptr. 775 (1979).

■ Although the parties urge us to predict how the California Supreme Court will resolve this split, resolving that issue is not required in order to decide this case. In all California cases which have awarded attorneys' fees, the insurer has been guilty of tortious conduct in breach of the implied covenant of good faith and fair dealing. Without such conduct, attorneys' fees cannot be recovered in California. *Lowell v. Maryland Casualty Company*, 65 Cal.2d 298, 302, 54 Cal.Rptr. 116, 419 P.2d 180 (1966). Since Old Republic's conduct—even including its denial that the agreement existed—did not constitute a breach of the implied covenant, the award of attorneys' fees finds no support.

We also reverse the award of punitive damages. Punitive damages lie only if the insurer breaches the implied covenant and in addition acts with oppression, fraud or malice. *Silberg v. California Life Insurance Company,* 11 Cal.3d 452, 462, 113 Cal.Rptr. 711, 521 P.2d 1103 (1974); Cal.Civ.Code § 3294(a). Old Republic did not breach the implied covenant. Its sole wrong is breach of contract, and under California law punitive damages cannot be awarded for such a breach. Cal.Civ.Code § 3294(a); *Sawyer v. Bank of America, NT & SA,* 83 Cal.App.3d 135, 139, 145 Cal.Rptr. 623 (1978).

*Conclusion*

Therefore, we affirm that portion of the judgment holding Old Republic liable for breach of contract and awarding compensatory damages for such breach.

We reverse the judgment holding Old Republic liable for breach of the implied covenant of good faith and fair dealing. As a result, the awards of PCA's attorneys' fees and of punitive damages are reversed.

The judgment is AFFIRMED in part and REVERSED in part. The parties should bear their own costs on appeal.