**Sachiko T. BOWER, Plaintiff,**

v.

**Frederick R. WEISMAN, Frederick Weisman Co., and Rare Properties, Inc., Defendants.**

**No. 85 Civ. 8916 (RWS).**

United States District Court, S.D. New York.

Oct. 23, 1987.

Montclare & Guay, New York City by Paul D. Montclare, of counsel, for plaintiff.

Summit Rovins & Feldesman, New York City by John Amabile, of counsel, for defendants.

## OPINION

SWEET, District Judge.

Defendants Frederick Weisman ("Weisman"), Frederick Weisman Co. ("FWC"), and Rare Properties, Inc. ("Rare Properties") have moved for an order dismissing the complaint pursuant to Fed.R.Civ.P 56, or, alternatively, for an order dismissing the complaint for plaintiff Sachiko Bower's ("Bower") misconduct pursuant to Fed.R. Civ.P. 11, 37, and the general equitable powers of the court. For the reasons set forth below, the defendants' motions to dismiss are denied, but Bower will be fined attorneys' fees, costs, and expenses.

**Facts**

Bower, in a deposition on February 26, 1987, was asked the following question and gave the following answer:

Q From the time you married James Bower in 1972, have you had sexual relations with any man other than James Bower, your husband, Mr. Weisman and Tung Sung [sic] Park, through July 1985?

[Bower's counsel]: I am going to object, but you can answer.

A No.

In addition, Bower specifically denied in depositions that she ever had sexual relations with J.H., and testified that she did not know a man named Daniel D'Hiver ("D'Hiver").

In deposition testimony given July 22, 1987, J.H. testified that he had never had sexual relations with Bower. By letter from counsel dated August 21, 1987, J.H. informed Weisman that his testimony with respect to his relationship to Bower was inaccurate, and that he would, consequently, not execute the original deposition transcript and would appear for further depositions on the subject. He did so on September 3, 1987, and testified that he had spent the night and had sexual relations with Bower on a number of occasions. A written submission of J.H. states that Bower had told him that she planned to testify that they had never had sexual relations, and told him that Rosanne Slotkin ("Slotkin"), who knew of their relationship, would not be a problem. J.H. does not remember Bower's precise words, with respect either to how she planned to testify or how Slotkin would. J.H. has also said that he never promised Bower how he would testify.

On approximately September 16, 1987, Bower served an affidavit on the defendants changing her answers, testifying that she did have sexual relations with men other than those named in her first deposition, including J.H. Bower also testified that she did know D'Hiver, but not by that name. At a deposition ordered by the court to follow up Bower's changed testimony, she testified that she had also had sexual relations with D'Hiver. One reason advanced by Bower for her previous dissembling was that she had not appreciated the nature or the gravity of perjury.

On September 29, Slotkin repeatedly invoked her constitutional privilege against self-incrimination in a deposition seeking to follow up the answers that she had given at her previous testimony, answers that had been consistent with both J.H. and Bower's denials.

On October 15, 1987, the day after argument on this application was heard, Bower testified that she had also had sexual relations with a lawyer named Jose Ray ("Ray").

The defendants have also charged Bower with forging a signature on a document that is in issue in the action.

**Issues Presented**

Defendants seek to have the action dismissed now on a number of grounds. First, they submit that Bower's additional infidelities destroy her implied contract claims under *Marvin v. Marvin*, 18 Cal.3d

660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), as a matter of law, and have moved for summary judgment pursuant to Fed.R.Civ. P. 56. In addition, they seek dismissal of Bower's action pursuant to the court's equitable powers, pursuant to Fed.R.Civ.P. 11, and pursuant to Fed.R.Civ.P. 37 on the grounds of her admitted perjury and their allegations that she suborned perjury and forged a signature.

With respect to the alleged forgery, the issue of who signed Weisman's signature on the document and at whose direction is among ultimate issues in the trial, and will not now be resolved or otherwise used as a basis for a sanction. Insofar as the motion seeking the sanction of dismissal is concerned, only Bower's admitted perjury will be considered.

## Summary Judgment on Breach of Contract Claims

According to defendants, Bower's new testimony requires the dismissal of her complaint. As noted, the previous evidence had been that Bower had had sexual relationships with her former husband, Weisman, and a third man named Tongson Park during the period in question. Weisman now submits that Bower's testimony that she also had intercourse with other men during the thirteen years covered by the question requires, as a matter of law, that her complaint be dismissed.

Bower is prosecuting this action in part under the theory set forth in *Marvin v. Marvin,* 18 Cal.3d 660, 134 Cal.Rptr 815, 557 P.2d 106 (1976). In *Marvin,* the California Supreme Court held that courts should enforce contracts (express or implied) between nonmarital partners except to the extent that any such contract is explicitly founded on the consideration of meretricious sexual services. 18 Cal.3d at 665, 134 Cal.Rptr at 819, 557 P.2d at 110. Here, Bower has alleged the existence of both express and written contracts relating to a number of non-sexual personal services.

According to Weisman, Bower's sexual relationships with the three additional men over the thirteen year period breaches the implied covenant of good faith and fair dealing that is imposed on all contracts under California law. *San Jose Production Credit Ass'n v. Old Republic Life Insurance Co.,* 723 F.2d 700, 703 (9th Cir.1984). As the Ninth Circuit held: "This covenant 'requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.' " *Id.* (quoting *Egan v. Mutual of Omaha Insurance Co.,* 24 Cal. 3d 809, 818, 169 Cal.Rptr. 691, 620 P.2d 141 (1979), *cert. denied,* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1980).

By definition, in a *Marvin* action sex is not a subject of the contract, and, indeed, the contract will not be enforced to the extent that it rests upon consideration of meretricious sexual services. *Alderson v. Alderson,* 180 Cal.App.3d 450, 225 Cal. Rptr. 610, 617 (1986); *Taylor v. Fields,* 178 Cal.App.3d 653, 224 Cal.Rptr. 186 (1986). Bower's sexual relationships with other men does not by definition deprive him of the benefit of his bargain with respect to non-sexual elements of his contract with her.

A theory under which Bower's sexual relationships with other men might be relevant would be that a contract with respect to non-sexual services did exist as Bower alleges, but that one of its terms was that Bower had to forebear from sexual intercourse with all males other than Weisman. That is, although a *Marvin* contract would not allow a term that required Bower to engage in sexual intercourse with Weisman, it might permit a term in which she promised to forebear from intercourse with anyone else. Whether such a contractual term exists—or perhaps more precisely, whether it would be implied by the conduct of the parties—is at best a factually disputed issue upon which summary judgment could not be granted.[1]

1. Weisman states in his affidavit in support of this motion:

    Throughout our entire relationship, to the best of my then knowledge, Bower was only unfaithful to me once—in approximately 1976 or 1977, when she had a sexual affair with Tongson Park. Bower knew I had felt betrayed by her unfaithfulness and, although I

### Dismissal for Perjury

■ According to Weisman, Bower's admitted perjury is grounds for dismissal pursuant to the court's general equitable powers,[2] or Federal Rules 11 and 37. It is beyond dispute that a court enjoys the inherent equitable power "to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). *See generally Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561–65 (3d Cir.1985) (en banc). Because these powers spring from the very function of the court, they "are shielded from direct democratic controls, [and] must be exercised with restraint and discretion." *Roadway*, 447 U.S. at 764, 100 S.Ct. at 2463. The imposition of sanctions implicates due process concerns, which are particularly strong when the sanction sought is an outright dismissal. *Id.* at 767 n. 14, 100 S.Ct. at 2464 n. 14. In particular, dismissal is permissible only when the deception relates to matters in controversy in the action, and even then is so harsh a remedy that it should be imposed only in the most extreme circumstances. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983).

■ Under the circumstances here, Bower's perjury does not warrant dismissal. Bower had already testified as to having sexual relations with others than Weisman during the time period at issue. The belated addition of three more affairs—while very serious due to the fact of the perjury itself—has little effect on the merits of action for the reasons stated. The two additional affairs do not dispose of the action.

Aside from being forced to expend more money to conduct more depositions, Weisman has not been prejudiced. Made as it was on August 21, J.H.'s revelation has allowed sufficient time for Weisman to follow up with depositions and otherwise prepare in time for the November 2 trial date, particularly given the resources of skilled counsel for both the California and New York firms that are defending this action (and prosecuting a similar one in California) for Weisman.

■ Weisman will, however, be made whole for the additional money he has been forced to expend because of Bower's perjury. Such perjury warrants the award of costs and attorneys' fees pursuant to Fed. R.Civ.P. 11. Rule 11, of course, speaks to papers that have been signed, and there has been no showing that Bower failed to comply with her obligation to execute deposition transcripts as required by Fed.R.Civ. P. 30(e). Such a signature brings an oral deposition within the terms of Rule 11.

■ In addition, even absent Rule 11, in the exercise of its inherent powers, a court may tax costs and attorneys fees against a party for bad faith actions taken in the conduct of litigation, even if the litigation itself is not in bad faith. *Roadway Express*, 447 U.S. at 766, 100 S.Ct. at 2464; *see also Browning Debenture Holders' Committee v. DASA Corporation*, 560 F.2d 1078, 1080–89 (2d Cir.1977). Here, Bower's perjury is obvious bad faith. "Bad faith is personal," *id.* at 1089, and there is no showing here that Bower's counsel knew of or aided Bower in her perjury. Consequently, Bower, herself, will be taxed all costs, expenses and attorneys' fees associated with the depositions, motions, and other actions taken directly to follow-up the recantations.

Because of the disposition on these grounds, the court will not address the

---

forgave her that indiscretion, we thereafter both knew that our resumed relationship was contingent upon her fidelity to me in all matters, including sex.

It is not entirely clear whether the words "our relationship" refer to the contractual, non-sexual relationship that Bower has alleged, or whether what Weisman is asserting here is that his sexual relationship with Bower was contingent on her sexual fidelity to him. The latter, which on both sides would involve meretricious sexual consideration, would be outside the scope of a *Marvin* contract, and the court would decline to enforce it.

**2.** Defendants, particularly in the section devoted to the court's general equitable power, have briefed primarily Ninth Circuit law construing federal statutes and case law, but have not advanced a theory as to why that Circuit's law would control here.

issue of whether Bower's conduct warrants sanctions under Federal Rule 37.

### Conclusion

For the reasons stated above, the defendants' motion for summary judgment is denied. Their motion for sanctions is denied insofar as it seeks dismissal and granted to the extent that attorneys fees, costs, and expenses will be taxed against Bower for defendants' applications and actions flowing from the recantations.

IT IS SO ORDERED.