[Civ. No. 9478.   Third Dist.   Jan. 30, 1959.]

LEO SPIVA, Respondent, v. PHOENIX INDEMNITY COMPANY (a Corporation), Appellant.

Weinstock, Anderson, Maloney & Chase for Appellant.

Lee Alex MacNicol and Preston, Braucht & George for Respondent.

PEEK, J.—Defendant Phoenix Indemnity Company appeals from a judgment of the trial court entered pursuant to plaintiff's motion for judgment on the pleadings.

In September of 1952 defendant issued a liability insurance policy to plaintiff covering his business operations. By the terms of that policy defendant, among other things, agreed: "To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined." The policy also provided that defendant ". . . shall (a) defend in his name and behalf any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiations and settlement of any claim or suit as may be deemed expedient by the Company."

In April of 1953, as a result of work then being done by plaintiff, certain liability claims for damages were asserted against him. Defendant was duly notified but refused to defend said claims upon the ground that they did not come within the coverage afforded by the policy. Plaintiff thereupon engaged his own attorney to defend the claims at the cost to him of $250. In addition plaintiff instituted an action against defendant for declaratory relief wherein he sought a declaration of the extent of the coverage under the policy. The judgment which was in favor of plaintiff provided:

" (a) That defendant is hereby required to afford to the plaintiff all of the rights and benefits of the named 'insured' under the terms of defendant's policy No. SM 30315 for and during the period extending from September 12, 1952 to and including September 12, 1953, specifically including any and all lawful claims established by the owners of any property which was damaged by plaintiff's operations on a certain parking lot in Merced, California, during April 1953;

" (b) That defendant is hereby required to perform all of its duties and obligations owing to plaintiff as the named 'insured' under the terms of defendant's policy No. SM 30315 during the policy period from September 12 1952 to September 12, 1953."

The defendant's appeal therefrom was affirmed by this

court on November 28, 1956. (*Spiva* v. *Phoenix Indemnity Co.*, 146 Cal.App.2d 384 [303 P.2d 777].)

Thereafter plaintiff filed the present action in which he seeks to recover from defendant the following items of damage for breach of contract: (1) $250 for attorney fees incurred in defending himself against third party claims; (2) $160.67 for court costs incurred in the action for declaratory relief against defendant; and (3) $1,200 for attorney fees incurred in that action. The trial court gave judgment in favor of plaintiff in the sum of $1,610.67, or the total sum sought, together with costs.

Since defendant admits liability for the items of $250 and $160.67 and is only contesting the award of $1,200 for attorney fees incurred by plaintiff in the declaratory relief action, the sole question before this court is whether or not plaintiff is entitled, as a matter of law, to attorney fees incurred by him in the prosecution of that proceeding.

It seems unnecessary to discuss at length the question presented. Plaintiff's rights, if any, to recover the sum in question must be dependent upon either (1) contract, or (2) statute, and since it is not contended that the insurance contract makes any provision whatsoever for such matters, we are concerned only with the second. In this regard it is plaintiff's contention that section 3300 of the Civil Code is controlling.

That section is merely an expression of the elementary rule on the measure of damages for breach of contract. Here the damages sought by plaintiff were expenses incurred in his endeavor to establish a breach of the contract by his declaratory relief action—not damages resulting from a breach. Those were the damages which were involved in the first action.

In the case of *Bank of America* v. *West End etc. Co.*, 37 Cal.App.2d 685, 696 [100 P.2d 318], the court held: "There is no express statutory provision allowing the recovery of such [attorney] fees in actions for declaratory relief . . ." Furthermore, in the case of *O'Morrow* v. *Borad*, 27 Cal.2d 794 [167 P.2d 483, 163 A.L.R. 894], where insurance policies having provisions identical to those in the present case were before the court in a declaratory relief action, the court held: ". . . there is no basis for allowing O'Morrow the reasonable expense of counsel in the present suit for declaratory relief. He has not brought himself within any of the few exceptions to the general rule that, in the absence of contract

or statutory provision, the services of an attorney must be paid for by the client who employs him." (P. 801.) It necessarily follows that, in the absence of any like showing by plaintiff in the present case, the same result must obtain herein.

The judgment is modified by striking therefrom the award of the sum of $1,200. As so modified, it is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.