[L. A. No. 29131.   In Bank.   Oct. 25, 1966.]

GEORGE LOWELL, Plaintiff and Appellant, v. MARYLAND CASUALTY COMPANY, Defendant and Respondent.

Munger, Tolles, Hills & Olson, Lester E. Olson, Fendler, Gershon & Warner and Harold A. Fendler for Plaintiff and Appellant.

Chase, Rotchford, Downen & Drukker and Ronald A. Dwyer for Defendant and Respondent.

TOBRINER, J.—This action by an insured against his insurer for breach of its duty to defend a suit against the insured for assault and battery under a comprehensive personal liability policy involves the same problem which we have analyzed in our opinion in *Gray* v. *Zurich Ins. Co.*, *ante*, p. 263 [54 Cal.Rptr. 105, 419 P.2d 168] L.A. 28897. We believe that here, as in *Gray*, the insurer bore the obligation to defend the third party suit.

Plaintiff entered into a ''Comprehensive Liability Policy'' with defendant to insure the buildings and automobiles which he owned in three major cities. The insurer, according to the policy, undertook ''to pay . . . all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person and caused by accident.'' (Coverage I.) In addition, ''with respect to such insurance as is afforded by this policy the company shall (a) defend any suit against the insured alleging such injury . . . and seeking damages on account

thereof, even if such suit is groundless, false or fraudulent.'' (Coverage II(a).)

According to the findings of the trial court, ''while said policy . . . was still in force and effect a complaint was filed in the Superior Court for the County of Los Angeles . . . by one Ronot Gonzales which alleged 'That on or about the 7th day of September, 1959, at or about the hour of 2:55 p.m., defendant George Lowell . . . did unlawfully and maliciously assault, beat, strike and batter plaintiff, Ronot Gonzales about the back, arms, head and body with great force and violence and without cause or provocation.' ''

The plaintiff insured immediately ''made written demand upon defendant to defend said action on his behalf, in that the alleged assault and battery had never taken place and the suit was groundless.'' The insurer refused such defense because ''the allegations contained in the complaint filed by Gonzales against Lowell did not allege facts within the coverage of the policy.'' After obtaining a judgment in the Gonzales action two and one-half years later, plaintiff demanded that the insurer pay attorney's fees and costs incurred in the Gonzales action. When the insurer again rejected any claim of liability, plaintiff filed the instant action, including a prayer for attorney's fees in this case.

As we shall point out, the insurer in the instant case was obligated to defend the insured in the Gonzales action for both of the basic reasons set forth in *Gray*. There we posited the duty to defend on the fundamental ground that ''Since the policy sets forth the duty to defend as a primary one and since the insurer attempts to avoid it only by an unclear exclusionary clause, the insured would reasonably expect, and is legally entitled to, such protection.'' (*Ante,* p. 268.) We there set forth as an alternative secondary ground for our ruling that, even accepting the proposition ''that the duty to defend arises only if the third party suit involves a liability for which the insurer would be required to indemnify the insured'' (*ante,* p. 268), the insured should still prevail. We pointed out that ''Since modern procedural rules focus on the facts of a case rather than the theory of recovery in the complaint, the duty to defend should be fixed by the facts which the insurer learns from the complaint, the insured, or other sources. An insurer, therefore, bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy.'' (*Ante,* p. 276.)

Turning first to the fundamental ground set forth in

*Gray*, we find that the instant insurance policy in leading the insured reasonably to expect coverage was at least as ambiguous as the policy in *Gray*. Like the policy in *Gray*, the contract in the instant case held out the general promise to defend suits for bodily injury "even if such suit is groundless, false or fraudulent." The policy contained the primary promise of the insurer to defend the third party suit; it asserted such obligation "even if such suit is groundless. . . ." The insured could reasonably expect a defense as to such a suit, which, like that of the instant case, was groundless.

The exclusionary clause, which defendant offers as the bulwark of its defense, is not " 'conspicuous, plain and clear' " (*Gray* v. *Zurich Ins. Co., ante*, p. 273 [54 Cal.Rptr. 105, 419 P.2d 168]). It is placed far toward the end of the voluminous policy; it is inserted as one of many "Definitions," which in turn appear as a third set of provisions under "Conditions." It does not read in the language of exclusion but of affirmation: "(h) Assault and Battery.—Assault and battery shall be deemed an accident unless committed by or at the direction of the insured." Thus the contract categorically states that assault and battery *is to be deemed* an accident, covered by the policy.

The insured could reasonably expect that the insurer would furnish him a defense against the "groundless" charge that the insured had committed an assault and battery against the third party. The insured would not expect that the insurer could avoid the obligation of defense on the ground that such obligation covered only "accidents" which were indemnifiable under the policy and that an assault and battery was not such an indemnifiable "accident." The policy promised a defense "even if [the third party] suit is groundless." The policy even states, "Assault and battery shall be deemed an accident . . ."; the complaint alleging such conduct at least presumptively indicates coverage under the policy, and the insurer could reasonably expect such defense. The language of exclusion in the policy is no less ambiguous than in *Gray*.

Turning to the secondary point set forth *supra*, we note that the Gonzales action presented the potential of liability under the policy; the insurer could not justify its refusal to defend upon the ground that the bare pleadings asserted an assault and battery and therefore precluded indemnification coverage. In an action for assault and battery a probable or possible issue of self-defense may always arise. As we have explained in *Gray*, even if the insured's conduct

may traditionally be classified as an "intentional" or "wilful" tort, many cases have held that such conduct falls within the indemnification coverage. Amendments to the pleadings may allege conduct of the tortfeasor less culpable than intentional or wilful conduct and set forth mere negligence. Thus, in this case, as in *Gray,* the insurer should have defended the Gonzales suit because of the insurer's potential liability under the policy.

The outcome of the third party suit illustrates again the likelihood of overstatement of allegations in a complaint. The Gonzales complaint alleged that the insured engaged in an assault and battery but the trial court rendered a defense judgment; the court did not even hold defendant liable on a theory of negligence. The insurer should have recognized this possibility and defended the suit from the outset.

Finally, we find no merit in plaintiff's claim for recovery of attorney's fees incurred in the instant suit. Although, as we have explained, plaintiff is entitled to reimbursement for his attorney's fees, costs and expenses sustained in the Gonzales action, the expenditures for vindication of that right must be borne by plaintiff. We see no more reason for allowing plaintiff to recover attorney's fees in this case than in actions for enforcement of other kinds of rights.

Plaintiff's citation of *Miesen* v. *Bolich* (1960) 177 Cal.App. 2d 145 [1 Cal.Rptr. 912], in support of his position is unavailing. The plaintiff in that case, in order to collect the balance of a judgment for negligence in his favor, filed suit against both the insured and the insurer. The insured cross-complained for a declaration of his rights against the insurer. The court found the insurer obligated to defend the Miesen action against the insured and awarded the insured his attorney's fees incurred in *that* action.

Since the third party victim in *Miesen* sought recovery against the insurer, that action paralleled the Gonzales suit in the instant situation. The terms of the insurance policy in *Miesen* clearly required that the insurer furnish a defense to the insured in such an action; the *Miesen* court enforced it. That court did not, however, decree reimbursement for attorney's fees in another and different action. Although the trial court in *Miesen* declared the rights of the insured against the insurer, it did so in the same suit. The decision does not sustain the insured's contention here that he may recover the attorney's fees expended in a separate and different action

brought for reimbursement of the fees incurred in the original action.

The judgment is reversed and the trial court is instructed to take evidence solely on the issue of damages alleged in plaintiff's complaint, including the costs, expenses and attorney's fees incurred in defending the Gonzales action.

Traynor, C. J., Peters, J., Peek, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice pro tem. Frampton in the opinion prepared by him for the District Court of Appeal in *Lowell* v. *Maryland Casualty Co.* (Cal.App.) 51 Cal.Rptr. 805.