[Civ. No. 24902.   First Dist., Div. Three.   Sept. 25, 1968.]

M. FRANK CARROLL, Plaintiff and Appellant, v. HAN-
OVER INSURANCE COMPANY, Defendant and Re-
spondent.

Sandell, Carter & Hill, Sandell & Hill and Harold D. Sandell for Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold and George E. Sayre for Defendant and Respondent.

SALSMAN, J.—The plaintiff-appellant M. Frank Carroll brought this action against the defendant-respondent Hanover Insurance Company to recover attorney's fees alleged to be due him under a policy of insurance issued by Hanover. The superior court sustained Hanover's demurrer to the complaint, without leave to amend. The notice of appeal states that the appeal is taken from the order sustaining the demurrer, but no appeal lies from such an order. (*Kennedy* v. *Owen,* 85 Cal.App.2d 517 [193 P.2d 141], and cases cited; 3 Witkin, Cal. Procedure (1954) Appeal, § 19, p. 2162.) Such an order contemplates the later entry of a judgment of dismissal, and the appeal properly lies only from the judgment. We mentioned this to counsel at oral argument, having in mind the possibility of our lack of jurisdiction to hear the appeal. (*Vibert* v. *Berger,* 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390], and cases cited.) Counsel thereupon stipulated that before submission of the cause, a judgment might be entered in the superior court. Accordingly, such a judgment was entered *nunc pro tunc* as of April 18, 1967. Our record has now been augmented with a copy of the stipulation of counsel and a certified copy of the judgment. After receipt of these documents we ordered the cause submitted. We deem the notice of appeal as being filed after entry of judgment and elect to treat the appeal as regularly before us on the merits. (Cal. Rules of Court, rule 31a.)

Appellant's complaint alleged in substance that respondent issued a policy of insurance to appellant's employer; that the policy included uninsured motorist coverage; that appellant was an additional insured under the policy; that the policy expressly provided that "With respect to such insurance as is afforded by this policy, the company shall: . . . reimburse

the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; . . ." The complaint then alleges that while using the vehicle covered by the policy appellant was involved in an accident with a hit and run automobile, and thereafter demanded of Hanover that appellant's claim for damages be submitted to arbitration, under the provisions of the uninsured motorist coverage of the policy; that Hanover denied that any coverage existed and thereupon filed an action against appellant, seeking declaratory relief; that appellant was served with summons and complaint, answered and defended against the action, and in doing so necessarily employed an attorney to protect his legal rights; that upon trial of the declaratory relief action judgment was entered in appellant's favor, which judgment was affirmed on appeal. That, in defending against Hanover's action, appellant expended $5,470.89 in costs and attorney's fees, all of which Hanover has refused to pay.

█ When a court makes an order sustaining a demurrer without leave to amend, the question on appeal is simply whether the court, in making the order, has abused its discretion. Here, appellant made no request in the trial court for permission to amend his complaint, but under the provisions of Code of Civil Procedure section 472c such a request was unnecessary, and the question of abuse of discretion remains. (*Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 718-720 [128 P.2d 522, 141 A.L.R. 1358].) On appeal, however, appellant makes no suggestion to us that, given an opportunity, he can amend his complaint to state a cause of action. █ Rather, he takes the position that the complaint, as framed, states a cause of action and that therefore Hanover's demurrer should have been overruled. We disagree.

The complaint alleges that Hanover's policy provided that Hanover will reimburse its insured ". . . . for all reasonable expenses, other than loss of earnings, incurred at the company's request. . . ." Appellant argues that, since Hanover initiated the declaratory relief action against him, his costs and expenses incurred in defense of that action were expenses ". . . incurred at the company's request. . . ." Appellant cites and relies upon *Standard Acc. Ins. Co. of Detroit* v. *Hull*, 91 F.Supp. 65, in which the trial court, interpreting identical language to that contained in Hanover's policy, concluded that attorney's fees incurred by an insured in defending against the insurer's declaratory relief action were

expenses incurred at the company's request, and for which the company was liable under the terms of the policy. But, as respondent points out in its brief, higher federal courts have refused to follow *Standard's* lead, and have disapproved its holding. (See *Milwaukee Mechanic's Ins. Co.* v. *Davis*, 198 F.2d 441 and *Tillman* v. *Great American Indem. Co. of New York*, 207 F.2d 588.) In *Clark* v. *Exchange Ins. Assn.*, 276 Ala. 334 [161 So.2d 817], a state court also differed from *Standard's* rule.

As a general rule, in the absence of some statutory right or contractual provision, attorney's fees are to be paid by the party employing the attorney. (Code Civ. Proc., § 1021; *Prentice* v. *North American Title Guar. Corp.*, 59 Cal.2d 618, 620 [30 Cal.Rptr. 821, 381 P.2d 645], and cases cited.) (We cite *Prentice* only for its statement of the general rule. We recognize that its holding is based upon an exception to the general rule—an exception not applicable to the factual allegations made in appellant's complaint. Neither party contends there is any statutory provision upon which appellant may base a claim for reimbursement of attorney's fees paid in the successful defense of respondent's action. It necessarily follows that, unless the contractual language of the policy as pleaded in the complaint is sufficient to support an award of attorney's fees, the trial court was correct in sustaining Hanover's demurrer without leave to amend.

In cases where an insurer has breached the policy and has refused to defend the insured, despite policy provisions calling for a defense even though the action be groundless, false or fraudulent, it has often been held that the insured may recover from the insurer attorney's fees incurred in defense of the action. (*Lowell* v. *Maryland Cas. Co.*, 65 Cal.2d 298, 302 [54 Cal.Rptr. 116, 419 P.2d 180]; *Arenson* v. *National Auto. & Cas. Ins. Co.*, 48 Cal.2d 528, 537-538 [310 P.2d 961], and authorities cited; *Fazzino* v. *Insurance Co. of North America*, 152 Cal.App.2d 304, 309 [313 P.2d 178].) But it is equally clear that the insured is not entitled to an award of attorney's fees incurred in a separate action in which he seeks to enforce his right to be defended or to be reimbursed for attorney's fees previously incurred in an action which should have been defended by the insurer. (*Fazzino* v. *Insurance Co. of North America, supra*, p. 309; *Spiva* v. *Phoenix Indem. Co.*, 167 Cal.App.2d 496, 498 [334 P.2d 614].) In *Lowell, supra*, the insured brought the action against the insurer to recover expenses, including attorney's fees incurred in an action brought against him by one Gonzales, which should

have been defended by the insurer. The court declared (p. 302) : ". . . we find no merit in plaintiff's claim for recovery of attorney's fees incurred in the instant suit. Although, as we have explained, plaintiff is entitled to reimbursement for his attorney's fees, costs and expenses sustained in the *Gonzales* action, the expenditures for vindication of that right must be borne by plaintiff. We see no more reason for allowing plaintiff to recover attorney's fees in this case than in actions for enforcement of other kinds of rights.'' Thus the general rule is applicable to actions involving rights and obligations arising out of contracts of insurance. ■ Attorney's fees incurred by an insured, whether in the capacity of a plaintiff seeking a declaration of his rights under the policy, or as a defendant in a declaratory relief action brought by his insurer, are the burden of the insured, and in the absence of some special statute or particular provision in the policy must be borne by the insured.

■ Here appellant contends that the language of the policy quoted in the complaint is sufficiently broad so as to obligate Hanover to reimburse him for attorney's fees incurred in the declaratory relief action brought against him by the company. He emphasizes the rule that any ambiguities or uncertainties in policy language must be construed in favor of the insured and against the insurer. (*White* v. *Farmers Ins. Exchange,* 207 Cal.App.2d 667, 676 [24 Cal.Rptr. 755] ; *Jarrett* v. *Allstate Ins. Co.,* 209 Cal.App.2d 804, 809-810 [26 Cal. Rptr. 231].) But we do not think this is a reasonable construction of the terms of the policy. The facts are undisputed. The attorney's fees demanded do not arise out of any breach of the policy by Hanover, but were incurred in a separate action in which Hanover sought a declaration of its rights and duties. The principle of law declared . in *Lowell, supra,* (p. 302) is controlling. The language of the policy, quoted in the complaint, cannot reasonably be said to extend to the pleaded facts, where, as appellant's complaint shows, the insurer has done no more than seek a declaration of its rights and obligations under the policy.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 20, 1968. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.