[No. D012541. Fourth Dist., Div. One. July 12, 1991.]

UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff and Appellant, v.
ANN DALRYMPLE et al., Defendants and Respondents.

## COUNSEL

Haasis, Pope & Correll and Kenneth E. Goates for Plaintiff and Appellant.

Dyer & Walton, Robert G. Dyer and Kristin L. Epperson for Defendants and Respondents.

## OPINION

**WIENER, Acting P. J.**—Plaintiff United Services Automobile Association (USAA) brought this declaratory relief action against defendant Ann Dalrymple to resolve a coverage dispute concerning Dalrymple's renter's insurance policy. Dalrymple cross-complained alleging that USAA's denial of coverage was in bad faith. Significantly, the cross-complaint was severed and the declaratory relief action proceeded to trial.

At the close of USAA's case, Dalrymple successfully moved for nonsuit pursuant to Code of Civil Procedure section 631.8. USAA requested a statement of decision which the court directed Dalrymple to prepare. Instead, Dalrymple submitted a document entitled "Order for Judgment" which specified the court's findings. This order recited that Dalrymple was entitled to attorney's fees under the authority of *Brandt* v. *Superior Court* (1985) 37 Cal.3d 813 [210 Cal.Rptr. 211, 693 P.2d 796]. USAA refused to approve the order as to form but the record does not reveal the basis for its objection. In any event, the court signed the order on June 8, 1990, and five days later signed a conforming judgment incorporating Dalrymple's entitlement to attorney's fees.

## DISCUSSION

USAA's argument in this court does not challenge the trial court's conclusion on the issue of coverage under Dalrymple's renter's policy. The appeal is limited solely to the question of whether the court was authorized to award attorney's fees to Dalrymple as part of the declaratory relief action.

I

Before addressing the substance of this contention, Dalrymple raises two preliminary procedural questions we must consider. Both arguments are based on the assumption that USAA should have known the "Order for Judgment" prepared by Dalrymple was in fact a proposed statement of decision.

■ Dalrymple first asserts that in filing a notice of appeal from "the judgment entered on or about June 8, 1990," USAA has attempted to appeal from a nonappealable order. In support of this argument she cites authority for the proposition that a "memorandum decision" or oral "order for judgment" is not appealable if it merely indicates the judge's opinion on how judgment should be rendered. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 90, p. 111.) It is, however, academic whether the court's order here fits this profile because the court followed the June 8 order almost immediately with a formal judgment. The notice of appeal from a judgment entered "on *or about* June 8" may be properly and fairly construed as an appeal from the judgment entered on June 13, 1990. Certainly Dalrymple can complain of no prejudice if we do so.

■ Dalrymple next argues USAA has waived its right to complain about the court's decision to award attorney's fees because it failed to file specific objections to the proposed statement of decision. In addition to the general principle that errors not raised in the trial court are waived on appeal (see, e.g., *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560]), Dalrymple relies principally on the Supreme Court's recent decision in *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130 [275 Cal.Rptr. 797, 800 P.2d 1227].

Initially we question whether Dalrymple can complain because USAA did not recognize as a proposed "Statement of Decision" the document her counsel mislabeled an "Order for Judgment." In any event, *In re Marriage of Arceneaux* does not stand for the broad proposition advanced by Dalrymple. In *Arceneaux*, the court began with the proposition that a trial court judgment "is presumed to be correct on appeal . . . ." (51 Cal.3d at p. 1133.) Justice

Mosk's opinion then explains the effect of Code of Civil Procedure section 634 in the context of a proposed statement of decision: "The section declares that if omissions or ambiguities in the statement are timely brought to the trial court's attention, the appellate court will not imply findings in favor of the prevailing party. The clear implication of this provision, of course, is that if a party does not bring such deficiencies to the trial court's attention, he waives his right to claim on appeal that the statement [of decision] was deficient in these regards . . . ." (51 Cal.3d at pp. 1133-1134.)

Here, there is no omission or ambiguity in the trial court's statement. It clearly expresses the legal conclusion that Dalrymple is entitled to her attorney's fees. If that conclusion in wrong, there are no "findings" to be implied in favor of the prevailing party which could alter the analysis. Accordingly, Code of Civil Procedure section 634 does not require that a party who fails to file opposition to a statement of decision be deemed to have waived objection to legal errors which appear on the face of the statement.

## II

■ We now turn to USAA's substantive contention that the trial court erred in awarding to Dalrymple the attorney's fees she incurred in defending against the declaratory relief action. In the case cited by the trial court in support of its conclusion (*Brandt* v. *Superior Court, supra,* 37 Cal.3d 813), the Supreme Court held that attorney's fees incurred by an insured in litigation to obtain contractual benefits due under an insurance policy are a recoverable item of damages where the insurer is shown to have breached the implied covenant of good faith and fair dealing. (*Id.* at p. 817.) The *Brandt* court emphasized this holding did not allow the insured to recover the fees incurred in prosecuting the bad faith action. (*Ibid.*)

As we noted previously, Dalrymple's cross-complaint alleging bad faith breach of the implied covenant was severed from the trial of this action. Although the attorney's fees awarded here could certainly be alleged as an item of damage in that action, it remains to be tried.[1] Dalrymple points to evidence in this record which she urges demonstrates USAA's bad faith. Without expressing an opinion on the adequacy of this showing, we cannot presume what responsive evidence USAA could or could not produce were the question of its good faith properly framed as an issue in the case. Because an insurer can erroneously dispute coverage without acting in bad faith (*Brandt, supra,* 37 Cal.3d at p. 819; *Opsal* v. *United Services Auto. Assn.*

---

[1] At oral argument USAA conceded it would be bound by the *amount* of fees awarded— $44,164.50—in the event Dalrymple prevails on the severed cross-complaint.

(Cal.App.); review dismissed March 19, 1992, and cause remanded to Court of Appeal, Fourth Appellate District, Division One) the reasonableness of the position adopted by USAA remains to be tried as part of the severed action on the cross-complaint. (See *Brandt, supra*, 37 Cal.3d at p. 819.)

Here, the court's award of attorney's fees without a hearing on the bad faith issue violates the so-called "American Rule" which requires each party to bear its own counsel fees in the absence of an established exception. (See *Gray* v. *Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253, 44 A.L.R.4th 763].) While *Brandt* specifically allows the question of bad faith to be tried jointly with the contractual coverage issue (37 Cal.3d at p. 818), there is no authority in California to support the award of attorney's fees to the prevailing insured in a declaratory relief action in the absence of a hearing on and finding of bad faith by the insurer. To the contrary, *Brandt* distinguished three earlier cases disallowing fees (*Lowell* v. *Maryland Casualty Co.* (1966) 65 Cal.2d 298, 302 [54 Cal.Rptr. 116, 419 P.2d 180]; *Patterson* v. *Insurance Co. of North America* (1970) 6 Cal.App.3d 310, 317-318 [85 Cal.Rptr. 665]; *Carroll* v. *Hanover Insurance Co.* (1968) 266 Cal.App.2d 47, 50 [71 Cal.Rptr. 868]) because they were not premised on a finding of bad faith. Clearly, such a finding is a necessary predicate to an award of attorney's fees against an insurer.

## DISPOSITION

The judgment is reversed to the extent it awards attorney's fees to Dalrymple. The trial court is instructed to strike the award of fees. In all other respects, the judgment is affirmed.

Todd, J., and Huffman, J., concurred.