SERGIO CONSTRUCTION, INC.,
Plaintiff–Appellant,

v.

NORTHBROOK PROPERTY & CASU-
ALTY INSURANCE CO., a corpora-
tion; Reliance Insurance Co., a corpo-
ration; Liberty Mutual Insurance Co.,
a corporation; CNA Express & Select
Insurance Company, a corporation;
Cigna Property & Casualty Corpora-
tion, a corporation; Century Indemni-
ty Company, successor to CCI Insur-
ance Company, successor to Cigna
Fire Underwriters (erroneously sued
as Cigna Property and Casualty Cor-
poration), Defendants–Appellees.

No. 99–16411.

D.C. No. CV–98–01636–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 14, 2001.

Before B. FLETCHER,
FERNANDEZ, and PAEZ, Circuit
Judges.

MEMORANDUM *

Sergio Construction Inc. (SCI) appeals
the district court's denial of its Rule 56(f)
motion and grant of summary judgment in
favor of Northbrook Property and Casual-
ty Company and others (collectively Insur-
ers) in SCI's diversity action alleging
breach of contract and other claims arising
from a contract between SCI and the West
Valley Mission Community College Dis-

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.

trict (Mission) to build a gym on the District's campus. We affirm.

■■■ (1) SCI, in effect, claims that because its suit against Mission and Mission's counterclaim were mirror images of one another, the Insurers were obligated to expend more effort than they did. However it is clear that when an insurance contract obligates the insurer to defend any suit seeking specified damages covered under the policy, the contract does "not obligate [the insurers] to prosecute [the insured's] claims against [the other party], because neither the prosecution of the plaintiff's prima facie case nor the defeat of [the other party's] defenses thereto could be considered the defense of a suit seeking damages." *3250 Wilshire Boulevard Bldg. v. Employers Ins. of Wausau*, 39 Cal.App.4th 1277, 1280, 46 Cal.Rptr.2d 399, 400 (1995). Therefore, when the Insurers defended against Mission's cross-claim until it was dismissed, they satisfied their duty under the insurance agreements. The dismissal obtained by counsel hired by the Insurers did not forestall SCI from bringing or otherwise hamper its suit against Mission.[1] *Cf. Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App.3d 966, 977, 230 Cal.Rptr. 215, 221 (1986).

(2) SCI also claims that it was entitled to *Cumis* counsel pursuant to section 2860 of the California Civil Code.[2] However "an appellate court will not hear an issue raised for the first time on appeal." *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir.1996); *see also Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996); *O'Rourke v. Seaboard Sur. Co. (In re E.R.*

*Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). The *Cumis* issue was not properly raised in SCI's complaint or in its memoranda regarding summary judgment, and was not discussed in the district court's decision. We will not consider it.

(3) SCI asserts that the district court erred in denying its Rule 56(f) motion for a continuance to conduct further discovery. SCI's Rule 56(f) motion was properly denied by the district court because SCI desired only to uncover cumulative evidence. *See Ashton–Tate Corp. v. Ross*, 916 F.2d 516, 519 (9th Cir.1990). Furthermore, the information sought would not have precluded summary judgment. *See Qualls v. Blue Cross of Cal. Inc.*, 22 F.3d 839, 844 (9th Cir.1994).

(4) SCI is not entitled to attorneys fees as damages because it did not need to employ an attorney to collect any benefits due under the policies; it got those benefits. *Brandt v. Superior Court*, 37 Cal.3d 813, 817, 693 P.2d 796, 798, 210 Cal.Rptr. 211, 213 (1985); *United Serv. Auto. Ass'n v. Dalrymple*, 232 Cal.App.3d 182, 187, 283 Cal.Rptr. 330, 332 (1991).

AFFIRMED.

---

1. *See Walsh v. West Valley Mission Cmty. College Dist.*, 66 Cal.App.4th 1532, 1541–48, 78 Cal.Rptr.2d 725, 730–35 (1998) (holding that the Insurers obtained a dismissal of Mission's claims with prejudice, but that dismissal did not preclude Mission from defending itself against SCI's prima facie case).

2. *See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y*, 162 Cal.App.3d 358, 369, 208 Cal.Rptr. 494, 501–02 (1984). That right to counsel has since been codified. Cal. Civ. Code § 2860.