SENTRY SELECT INSURANCE
COMPANY, Plaintiff,

v.

Dean MEYER, Billie Meyer, Michael Thieman, Lance Otterstein, and Robert Murray, individuals; and Murray Transportation Inc., a Nevada Corporation, Defendants.

Dean Meyer and Billie Meyer,
individuals, Counterclaimants,

v.

Sentry Select Insurance Company,
Counterdefendant.

Case No. 2:07–cv–01049–RLH–LRL.

United States District Court,
D. Nevada.

Jan. 14, 2009.

Laurence J. Rabinovich, Lisa J. Zastrow, Lyssa S. Anderson, Thomas F. Kummer, Donna DiMaggio, Kummer Kaempger Bonner Renshaw & Ferrario, Las Vegas, NV, Lorienton N.A. Palmer, Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, New York, NY, for Plaintiff/Counter Defendant.

George Yaron, Kimberly Ann Jensen, Yaron & Associates, San Francisco, CA, Pamela A. McKay, McKay Law Firm, Chtd., Amy B. Honodel, Doyle Berman Gallenstein, William H. Doyle, Doyle Berman Murdy, P.C., Carol F. Hay, Gerald I. Gillock & Associates, Gerald I. Gillock, Matthew E. Aaron, Aaron & Paternoster, Ltd., Las Vegas, NV, Matthew L. Sharp, Matthew L. Sharp, Ltd., Reno, NV, for Defendants/Counter Claimant.

Christine Roberts, Lisowski Law Firm Chtd., Elizabeth F. Stephens, Las Vegas, NV, James P. Hill, San Diego, CA, for Trustee.

Brian D. Shapiro, Law Office of Brian D. Shapiro, LLC, Las Vegas, NV, for Interested Party.

## ORDER

(Motion for Partial Summary Judgment—# 114)

ROGER L. HUNT, Chief Judge.

Before the Court is Defendants/Counterclaimants Dean and Billie Meyer's **Motion for Partial Summary Judgment Against Plaintiff/Counterdefendant Sentry Select Insurance Company Regarding Sentry Select's Duty to Reimburse the Meyers for Their Attorneys' Fees and Costs** (# 114), filed October 27, 2008. The Court has also considered Sentry's Opposition (# 119), filed November 7, 2008, and the Meyer's Reply (# 121), filed November 13, 2008.

## BACKGROUND

On November 15, 2001, Defendant Michael Thieman, who was driving a semi-trailer truck in Las Vegas, Nevada, collided with Defendant Lance Otterstein, who was driving a motorcycle. The truck was owned by Defendants Dean and Billie Meyer. A few months prior to the incident, the Meyers had leased the truck to Defendant Murray (doing business as Murray Transportation, Inc.).

On April 2, 2003, Otterstein filed a personal injury lawsuit (the "underlying action") against Thieman and Murray Transportation, Case No. A465654, in the Eighth

Judicial District Court of Clark County, Nevada. Otterstein did not sue the Meyers, and they never became a party to the underlying action. (Compl. ¶ 23; Dkt. # 57 attach., Aff. of Dean Meyer, ¶¶ 3–4.)

Plaintiff Sentry issued a truckers liability policy to Dean Meyer with a term of coverage extending from March 1, 2001, to March 1, 2002. Sentry claims the policy did not cover the truck involved in the accident. The policy did not name Thieman. (*See generally* Dkt. # 118 Ex. B ("Policy").) Thieman, however, tendered his defense against the underlying action to Sentry, claiming the truck was covered under the policy at the time of the accident. Sentry denied Thieman's tender and subsequently filed this action seeking a declaratory judgment that Thieman was not insured by the policy and that Sentry therefore has no obligation to him under it. While Sentry's Complaint names the Meyers as Defendants, it does not seek any relief from them, declaratory or otherwise.

The Meyers claim, and Sentry does not dispute, that they have never asked Sentry to provide coverage to Thieman or any other person in connection with the underlying incident. Sentry nonetheless named the Meyers as Defendants in this action. As a result, the Meyers have incurred more than $20,000 in attorney fees and costs in connection with Sentry's suit, and will incur additional fees as the litigation continues. (Decl. Dean Meyer, Attach. to Mot., ¶ 3; Aff. George D. Yaron, Attach. to Mot., ¶ 3.)

Section II(A)(2)(a)(4) of the Meyer policy provides that Sentry "will pay for the 'insured' … [a]ll reasonable expenses incurred by the 'insured' at [Sentry's] request, including actual loss of earnings up to $250 a day because of time off from work." The Meyers allege they have asked Sentry on numerous occasions to reimburse them, pursuant to this provi-

sion, for the attorney fees and costs they have incurred in this suit, but Sentry has refused. The Meyers then filed a counterclaim (Dkt. # 90) and this Motion, arguing that the above provision obligates Sentry to reimburse the Meyers for all reasonable attorney fees the Meyers have incurred and will incur in defending themselves in this suit. The Court grants the Meyers' Motion for the reasons given below.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Blanck v. Hager*, 360 F.Supp.2d 1137, 1148 (D.Nev.2005).

### II. Choice of Law

A federal court sitting in diversity generally applies the forum state's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Welles v. Turner Entm't Co.*, 503 F.3d 728, 738 (9th Cir.2007). This Court has diversity jurisdiction over the parties. (*See* Compl.

¶¶ 1–8; 28 U.S.C. § 1332 (2006).) Under Nevada law, attorney fees are generally "not recoverable absent a statute, rule, or contractual provision to the contrary." *Horgan v. Felton,* 170 P.3d 982, 986 (Nev. 2007) (citation omitted). The Meyers argue the insurance policy provision stating that Sentry "will pay ... [a]ll reasonable expenses incurred by the 'insured' at [Sentry's] request" obligates Sentry to pay the attorney fees the Meyers incurred and will yet incur in connection with this action. (Policy § II(A)(2)(a)(4).) Sentry does not dispute the facts the Meyers allege, but argues only that under the facts of this case, the provision creates no such obligation. The Court now considers what state law should apply in construing this provision.

■■ Nevada law permits the parties "within broad limits to choose the law that will determine the validity and effect of their contract." *Pentax Corp. v. Boyd,* 111 Nev. 1296, 904 P.2d 1024, 1025 (1995) (internal quotation marks and citation omitted). Absent an effective choice of law by the parties, Nevada applies the substantial relationship test to "determine what state's law to apply in a contract case" by deciding "whether a state possesses a substantial relationship with a contract[.]" *See Consolidated Generator—Nev., Inc. v. Cummins Engine Co.,* 114 Nev. 1304, 971 P.2d 1251, 1253 (1998); *Sotirakis v. United Serv. Auto. Ass'n,* 106 Nev. 123, 787 P.2d 788, 790 (1990). Under that test, a court considers the following five factors: "a. the place of contracting, b. the place of negotiation of the contract, c. the place of performance, d. the location of the subject matter of the contract, and e. the domicile, residence, nationality, place of incorporation and place of business of the parties." *Consolidated Generator,* 971 P.2d at 1253–54. The Court first considers wheth-

er Sentry and the Meyers made an effective choice of law within the policy itself.

## A. Terms of the Policy

The Meyers' policy contains no express choice-of-law clause. Its terms strongly suggest, however, that the parties intended California law to apply. For example, the policy contains a document titled "Deletion of Uninsured Motorists Coverage from Policy, Selection of Lower Limit of Liability, Waiver of Collision Deductible (California)," signed by Dean Meyer, which describes and seeks to affect compliance with California Insurance Code Section 11580.26. In that document, Meyer agreed to the deletion of a portion of the uninsured motorists coverage afforded in the policy "[i]n accordance with the ... California Insurance Code[.]" (Policy, SEN00098.) The policy also includes a notice regarding the California Insurance Guarantee Association and notes that certain surcharges to the policy may be assessed as required by California law. (*Id.* at SEN00150.) The policy includes other similar notices appearing to reference or facilitate compliance with requirements of California law. (*See, e.g., id.* at SEN00152, SEN00192, SEN00196, SEN00203, SEN00204, SEN00208.) These notices and provisions indicate the parties intended California law to govern the policy.

## B. Substantial Interest Test

■ Even if the parties did not make an effective choice of law within the policy, the substantial interest test confirms that California law should apply. *See Consolidated Generator,* 971 P.2d at 1253–54. Although the parties have not provided the Court with information concerning the place of contracting or the place of negotiations, the policy indicates that the Meyers reside in Redding, California, and that the

Meyers' vehicles—the subject matter of the Policy—are located in a garage in Redding. (*See, e.g., id.* at SEN00092, SEN00104, SEN00106, SEN00112.) Because the vehicles, when not in transit, are located in California, California is likely the place where the parties intended the policy to be performed. The Court therefore looks to California law in construing the Supplementary Payments provision of the policy at issue.

### III. California Law Construing the Supplementary Payments Provision

The disputed provision of the policy is located under a heading titled "Coverage Extensions" and a subheading titled "Supplementary Payments." The language under the Supplementary Payments provision states, in relevant part: "In addition to the Limit of Insurance, we will pay for the 'insured' . . . [a]ll reasonable expenses incurred by the 'insured' at our request, including actual loss of earnings up to $250 a day because of time off from work." (Policy § II(A)(2).) The Court initially notes that none of the subsections surrounding subsection (4) contain language helpful in construing subsection (4) under these facts, and the parties do not argue otherwise. The parties dispute whether under the facts of this case, the language of subsection (4)—"expenses incurred by the 'insured' at [Sentry's] request"—includes attorney fees the Meyers incurred as a result of Sentry naming them as Defendants in this action.

In *Carroll v. Hanover Insurance, Inc.,* an insured brought an action against his insurer to recover attorney fees he alleged were due to him under his policy. 266 Cal.App.2d 47, 48, 71 Cal.Rptr. 868 (Cal. Ct.App.1968). In the underlying action, the insurer denied the insured's request for coverage and filed an action against the insured for declaratory relief. After trial on the issue of whether the insurer was obligated to tender a defense, judgment was entered in favor of the insured. The insured then brought a separate action against his insurer seeking payment of attorney fees he incurred in the underlying action. The insured argued he was entitled to attorney fees under language in his policy stating the insurer would reimburse the insured "for all reasonable expenses, other than the loss of earnings, incurred at the company's request[.]" *Id.* at 48–49, 71 Cal.Rptr. 868. The insurer filed a demurrer, which the trial court granted. *Id.* at 48, 71 Cal.Rptr. 868. On appeal, the California Court of Appeal affirmed. In reaching its conclusion, the court looked to *Lowell v. Maryland Casualty Co.,* 65 Cal.2d 298, 54 Cal.Rptr. 116, 419 P.2d 180 (Cal.1966), which the Court here briefly discusses before resuming its summary of *Carroll.*

In *Lowell,* an insurer refused to defend its insured against a personal injury suit, claiming its policy did not cover the claims brought against the insured. The insured retained other counsel, prevailed in the personal injury action, and then brought a separate action against his insurer claiming his insurer breached its duty to defend him. The insured also sought to recover attorney fees he incurred in both the underlying action and in the subsequent action on the issue of his insurer's obligation to defend. *Lowell,* 65 Cal.2d at 299–300, 54 Cal.Rptr. 116, 419 P.2d 180. The Supreme Court of California held the insurer should have defended the insured in the original action and the insured was entitled to recover the attorney fees he incurred in it. *Id.* at 302, 54 Cal.Rptr. 116, 419 P.2d 180. However, the court held, the insured was not entitled to recover the attorney fees he incurred in the subsequent action on the issue of his insurer's duty to defend.

*Id.* at 302–303, 54 Cal.Rptr. 116, 419 P.2d 180. The court stated:

> [W]e find no merit in plaintiffs claim for recovery of attorney's fees incurred in the instant suit. Although, as we have explained, plaintiff is entitled to reimbursement for his attorney's fees, costs and expenses sustained in the [underlying] action, the expenditures for vindication of that right must be borne by plaintiff. We see no more reason for allowing plaintiff to recover attorney's fees in this case than in actions for enforcement of other kinds of rights.

*Id.* at 302, 54 Cal.Rptr. 116, 419 P.2d 180. As its language indicates, the *Lowell* court reached the above conclusion not after considering a contract provision, but under the general rule that parties are presumed responsible for their own attorney fees.

In *Carroll,* the California Court of Appeal first reiterated the holding of *Lowell:*

> Attorney's fees incurred by an insured, whether in the capacity of a plaintiff seeking a declaration of his rights under the policy, or as a defendant in a declaratory relief action brought by his insurer, are the burden of the insured, and in the absence of some special statute or particular provision in the policy must be borne by the insured.

*Carroll,* 266 Cal.App.2d at 51, 71 Cal.Rptr. 868. The Carroll court then considered whether the policy provision at issue, which stated that the insurer would reimburse the insured "for all reasonable expenses, other than the loss of earnings, incurred at the company's request[,]" entitled the insured to attorney fees he incurred in the declaratory relief action brought against him by his insurer. *Id.* The court concluded that under the facts before it, the policy could not be reasonably construed to that effect. The court stated:

> The attorney's fees demanded do not arise out of any breach of the policy by [the insurer], but were incurred in a separate action in which [the insurer] sought a declaration of its rights and duties.... *The language of the policy,* quoted in the complaint, *cannot reasonably be said to extend to the pleaded facts,* where, as [the insured's] complaint shows, the insurer has done no more than seek a declaration of its rights and obligations under the policy.

*Id.* (emphasis added).

■ The Court agrees with both the language and reasoning of *Lowell* and *Carroll.* This case, however, presents unusual facts that differ significantly from those in *Lowell* and *Carroll.* As such, the holdings of those cases do not apply. In those cases, the insureds sought and were denied coverage by their insurers. After obtaining judgments establishing that their insurers should have defended them, the insureds became parties to separate actions in which they sought reimbursement for attorney fees incurred in obtaining those judgments. Here, in contrast, the insureds never sought, in connection with the underlying incident of November 15, 2001, coverage for any party or enforcement of any right (besides a contractual right to attorney fees addressed here). Neither, apparently, had any party claimed entitlement to recovery against them in the underlying action or this action until Sentry did in its Opposition, filed more than a year after the Complaint, and under which it cannot recover (as explained below). The injured party makes no allegation that the Meyers are liable for his injuries. The driver, the insured's lessee, makes no allegation they are liable for the consent judgment against him. Sentry likewise makes no allegation that they breached the terms of the policy. The Meyers incurred no defense costs in the

underlying action and were never a party to it, as they apparently have no stake in the litigation. Indeed, the Meyers' role in the underlying action and accident appears inconsequential at best. The Court therefore concludes the Meyers are not a necessary party to this action, and their inclusion here was gratuitous and solely for the benefit of their insurer. *See* Fed.R.Civ.P. 19(a).

For this reason and in contrast to the insured in *Carroll,* Sentry's decision to name the Meyers as defendants and compel them to defend the suit is appropriately considered a "request," within the meaning of the policy provision at issue, that the Meyers participate as parties to this action and incur related attorney fees. The *Carroll* court likely could not consider the insurer's decision to name its insured as a defendant in the insurer's declaratory action a "request" that the insured participate in the litigation and incur attorney fees because the insured had already involved himself in the underlying litigation and had taken an adversarial position relative to his insurer. Indeed, in *Carroll,* "the insurer ha[d] done no more than seek a declaration of its rights and obligations under the policy." *Carroll,* 266 Cal.App.2d at 51, 71 Cal.Rptr. 868. Here, by contrast, and for reasons unknown to the Court, Sentry not only sought a declaration of its rights and obligations under the policy, but also named its insureds as Defendants, thereby requesting their participation as parties to the litigation where they would not otherwise have been. In so doing, Sentry required—i.e., requested—the Meyers' participation as parties here and the incurring of attorney fees incidental to that participation. Sentry is therefore bound by its prior agreement to reimburse the Meyers for such expenses. *Accord Am. States Ins. Co. v. Angstman Motors, Inc.,* 343 F.Supp. 576, 587 (D.Mont.1972) (holding, under similar policy language,

that insured's attorney fees were incurred at insurer's request where insurer named insured as defendant and insured was not necessary to lawsuit).

## IV. Sentry's Theory of Recovery under the MCS–90 Endorsement

■ Sentry argues against this result by first noting the central issue in this case: whether a federally mandated endorsement that supplements and amends the policy (form MCS–90 endorsement for Motor Carrier Policies of Insurance For Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS–90")) requires Sentry to pay the consent judgment entered against Thieman. (Opp'n 1–2.) The relevant provision of the MCS–90 states as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, *the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles* subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation there-

of, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. *However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.*

(Dkt. # 59, Ex. F (emphasis added); *see also* 49 C.F.R. § 387.15 (2000) (containing the form endorsement including the above language).) Perhaps in an attempt to justify the Meyers' inclusion in this suit, Sentry argues if it is ultimately held liable under the MCS–90 to pay any portion of the consent judgment against Thieman, it may be entitled to reimbursement *from the Meyers* under the final sentence of the above provision.

Without deciding any other issue in this case, the Court concludes Sentry's interpretation of the above provision is untenable because it would require "the insured" to entirely change meaning within the same provision. By Sentry's reading, "the insured" in the first sentence of the above clause ("the insurer agrees to pay . . . any final judgment recovered against the insured") references the driver, Thieman—the party against whom a judgment has been entered and against whom Sentry seek declaratory relief. Then, four sentences later, "the insured" ("[t]he insured agrees to reimburse the company . . . .")—must reference the Meyers. However else

the MCS–90 applies in this case, it contemplates that "the insured" against whom a final judgment is recovered, referenced in the first sentence, is the same entity, referenced in the fifth sentence, that agrees to reimburse the insurer for any payment the insurer must make.

By the terms of its last sentence, the above provision of the MCS–90 entitles an insurer to reimbursement from the insured for payments made (1) "on account of any accident, claim, or suit involving a breach of the terms of the policy," and (2) "for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement." A complete reading of the endorsement indicates the only "agreement" contained in it that could constitute the basis upon which the insurer could be obligated to make a payment is the insurer's agreement "to pay . . . any final judgment recovered against the insured[.]" There is no possibility that Sentry is entitled to reimbursement from the Meyers because, first, Sentry makes no allegation that the Meyers breached the terms of the policy, and second, no judgment has been sought—let alone recovered—against the Meyers. Indeed, as the Meyers point out, it appears no judgment relating to the underlying incident can be recovered against them because the two-year statute of limitations applicable to Otterstein's injury has run. *See* Nev.Rev.Stat. 11.190(4)(e).

In short, given the underlying incident, the legal positions of the parties, and Sentry's claims, the MCS–90 affords no grounds upon which Sentry could be entitled to reimbursement from the Meyers. That the MCS–90 endorsement provides no basis for recovery against the Meyers supports the Court's conclusion that the Meyers are not a necessary party to this

suit and Sentry's inclusion of them here was gratuitous, thereby constituting a "request" that they participate as parties and incur attendant attorney fees. The gratuitous nature of their inclusion in this suit is reinforced by the lateness of the date on which Sentry first raised its theory of potential recovery against the Meyers under the MCS–90: November 7, 2008, when it filed its Opposition (Dkt. # 114)—more than a year after filing its Complaint (Dkt. # 1, filed August 10, 2007).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Dean and Billie Meyer's Motion for Partial Summary Judgment Against Plaintiff/Counterdefendants Sentry Select Insurance Company Regarding Sentry Select's Duty to Reimburse the Meyers for Their Attorneys' Fees and Costs (# 114) is GRANTED. Sentry is ORDERED to reimburse to the Meyers all reasonable expenses the Meyers have incurred and will incur in this case.