NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM YOUNG, a California citizen; KELLY YOUNG, a California citizen, | No. 24-3462 |
| | D.C. No. 2:20-cv-04048-TJH-PVC |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| THE ALLSTATE CORPORATION, a Delaware corporation: Erroneously Sued as Allstate Insurance Company; ALLSTATE INSURANCE COMPANY, a Delaware corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted May 12, 2025**
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William and Kelly Young appeal from an order denying their request for attorney fees under California law. We review the denial of fees for abuse of discretion but review the underlying legal questions de novo. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). We affirm.

1.      We have appellate jurisdiction to review the order denying attorney fees because it is final. *See* 28 U.S.C. § 1291. The district court bifurcated proceedings and did not address the availability of attorney fees until after entering judgment on the verdict. A post-judgment order denying fees is final and is "collateral to, and separately appealable from, the judgment." *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011). The fact that California law characterizes the fees sought here as consequential damages, *Brandt v. Sup. Ct.*, 693 P.2d 796, 800 (Cal. 1985), does not alter this conclusion, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200–02 (1988).

2.      Under California law, each party generally must pay its own attorney fees. Cal. Civ. Proc. Code § 1021. The Youngs do not fall within the "tort of another" exception to this rule. *See Prentice v. N. Am. Title Guaranty Corp.*, 381 P.2d 645, 647 (Cal. 1963). This exception applies only when the defendant's tortious conduct causes the plaintiff to sue a third party. *See id.*; *Schneider v. Friedman, Collard, Poswall & Virga*, 232 Cal. App. 3d 1276, 1281 (1991). The

Youngs sued Allstate for the tort of its agents. Because the agents' tortious conduct is attributable to Allstate, Allstate is not a third party.

3. To the extent the Youngs seek fees under the exception for bad-faith insurance claims, this claim also fails. *Brandt*, 693 P.2d at 798. This exception requires a finding of bad faith. *See id.* at 800; *United Servs. Auto. Ass'n v. Dalrymple*, 232 Cal. App. 3d 182, 187 (1991). The Youngs abandoned any claim that Allstate acted in bad faith.

**AFFIRMED.**

24-3462